UNITED STATES, Appellee,

v.

Frank K. CORDES, Private, U.S.
Marine Corps, Appellant.

No. 65,810.
NMCM 89 4332.

U.S. Court of Military Appeals.

Argued Oct. 2, 1991.

Decided Dec. 19, 1991.

For Appellant: *Captain Dwight H. Sullivan, USMC (argued).*

For Appellee: *Lieutenant Commander Lawrence W. Muschamp, JAGC, USN (argued); Commander Thomas W. Osborne, JAGC, USN (on brief).*

*Opinion of the Court*

SULLIVAN, Chief Judge:

In July of 1989, appellant was tried by a general court-martial convened by the Commander, 1st Marine Division (Rein), FMF at Camp Pendleton, California. Pursuant to

his pleas, appellant was found guilty of two unauthorized absences (one for 2 days; the other for 68 days); wrongful use of marijuana, methamphetamine, and cocaine on numerous occasions (one specification each); and distribution of methamphetamine, in violation of Articles 86 and 112a, Uniform Code of Military Justice, 10 USC §§ 886 and 912a, respectively. The military judge sitting alone at this court-martial sentenced appellant to a dishonorable discharge, confinement for 7 years, and total forfeitures. In accordance with a pretrial agreement the convening authority approved this sentence but suspended confinement in excess of 32 months for 12 months from the date of trial.

Prior to review by the Court of Military Review, a vacation hearing pursuant to Article 72, UCMJ, 10 USC § 872, was held in this case based on a subsequent attempted escape from confinement by appellant, in violation of Article 80, UCMJ, 10 USC § 880. The convening authority vacated the suspension of confinement for an additional 6 months, bringing the total unsuspended confinement to 38 months. The Court of Military Review affirmed this sentence in an unpublished opinion on September 26, 1990.

This Court initially denied appellant's petition for review on February 6, 1991. That order was subsequently vacated on April 8, 1991, and review was granted on the following question of law raised by appellate defense counsel:

WHETHER THE NAVY–MARINE CORPS COURT OF MILITARY REVIEW ERRED BY FAILING TO FIND INEFFECTIVE ASSISTANCE OF COUNSEL OR, IN THE ALTERNATIVE, REMAND THE CASE FOR A *DUBAY* HEARING WHERE THE COURT FOUND THAT AN IRRATIONAL DEFENSE TACTIC MAY HAVE RESULTED IN THE CASE BEING REFERRED TO A GENERAL, RATHER THAN SPECIAL, COURT–MARTIAL.

We find no ineffective assistance of counsel in this case and affirm. *See United States v. King*, 30 MJ 59, 70 (CMA 1990). *See generally Strickland v. Washington*, 466 U.S. 668, 689–90, 104 S.Ct. 2052, 2065, 80 L.Ed.2d 674 (1984).

Appellant's offenses arose as a result of events occurring between July 1988 and May 1989. Charges were preferred on May 23, 1989, by a member of his regiment, the 1st Marines, and appellant was notified of this preferral on May 25, 1989. On the latter date, Colonel McClung, Commanding Officer of the 1st Marine Regiment, received these charges and referred them to trial by special court-martial. The next day, Major Coulter, military defense counsel from Legal Support Team E was assigned to appellant's case.[1]

---

1. Major Coulter's post-trial affidavit states *inter alia:*

The Case. The administration of military justice at Camp Pendleton, California, was done through the Legal Service Support Section (LSSS) through its three Legal Service Support Teams (LSST), "D", "E" and "F" in May of 1989. The teams were based upon geography and command. The case of *U.S. v. Cordes* was initially assigned to team "D" as Cordes was a member of the First Marines, First Marine Division. However, the defense attorneys associated with team "D" were prevented from taking on the Cordes case because of conflict of interest; therefore, the case was assigned to team "E" and I was assigned as the defense counsel. Upon receiving the case file on 26 May 1989, I began to think of trial strategy—see appendix (app #) 1. Given the information contained in his record book, and based upon the confessions and statements made to the Naval Investigative Service, I knew that keeping this Marine from doing some extensive time was a priority (*see* app 2 and app 3). Prior to 4 June 1989, I did an initial interview of my client and I had him complete a pre-interview questionnaire (app 4). On 4 June I returned and interviewed the client further while analyzing app 4. The course of action decided upon is reflected in app 5. I became aware that my client was afraid of other crimes coming to light based upon NIS investigation (*see* app 4). Based upon this information moving swiftly to trial was a prime consideration. A request for separation in lieu of court-martial was submitted and denied (*see* app 6). *Additionally, the forum was changed from a special court-martial to general court-martial.* During the course of pretrial negotiation, I became aware that the government wanted to wrap this case up as soon as possible. As can be seen, government counsel was already unavailable 14 days after the date of trial (R.

On June 12, 1989, appellant and his defense counsel submitted a request for separation in lieu of trial by court-martial via the Commanding Officer, 1st Marine Regiment, to the Commanding General, 1st Marine Division. On June 20, 1989, the officer in charge of Legal Support Team D, Major S.A. Peak, sent the following letter to the Staff Judge Advocate, 1st Marine Division (Rein), concerning this request:

MEMORANDUM

From: Officer in Charge, Legal Services Support Team "D"

TO: Staff Judge Advocate, 1st Marine Division (Rein), FMF

Subj: REQUEST FOR SEPARATION IN LIEU OF TRIAL BY COURT-MARTIAL IN THE CASE OF U.S. V. PRIVATE FRANK K. CORDES 316 88 5295/0352 USMC

Encl: (1) Pvt Cordes' ltr 1910 LSST e/2 dtd 12 Jun 89 w/encls

1. The enclosure was received at this office on 15 June 1989.

2. I have contacted the commanding officer of the accused and discussed the case with him. Based on the seriousness of the charges generally, and, specifically, the allegation of drug distribution, he recommends disapproval of the accused's request for separation in lieu of trial by court-martial. Moreover, he has withdrawn the pending charges from special court-martial and has referred them to an Article 32 Pretrial Investigation.

On June 22, 1989, the Commanding Officer of the 1st Marine Regiment formally ordered an Article 32[2] Investigation into the charges against appellant. Appellant waived this investigation on June 29, 1989, and the above commander forwarded the charges to the Commanding General of the 1st Marine Division with a recommendation of trial by general court-martial.[3] On that same date the Staff Judge Advocate of the Commanding General recommended denial of appellant's request for separation, which the latter subsequently denied on July 5, 1989. On July 7, 1989, the Staff Judge Advocate for the 1st Marine Division recommended trial by general court-martial. On that same date, the general court-martial convening authority ordered trial by general court-martial.[4] Appellant subsequently pleaded guilty and was sentenced as noted above.

The Court of Military Review specified the following issue for review despite submission of this case to that court without specific assignment of error:

WAS THE APPELLANT DEPRIVED OF THE EFFECTIVE ASSISTANCE OF COUNSEL WHEN HIS DETAILED DEFENSE COUNSEL:

GRATUITOUSLY CAUSED THE MILITARY JUDGE, WHO WOULD IMPOSE SENTENCE, TO BECOME AWARE THAT, DURING A PERIOD OF ABSENCE WITHOUT LEAVE, THE APPELLANT HAD BEEN JAILED AND PLEADED GUILTY TO WHAT APPARENTLY WAS AN OFFENSE INVOLVING MORAL TURPITUDE (R. 22–23);

---

64). Pretrial negotiations began at 48 months and concluded with a 32 month deal (*see* Appellate Exhibit II in record of trial). (Appendices omitted; emphasis added.)

2. Uniform Code of Military Justice, 10 USC § 832.

3. We note that there is no document signed by the special court-martial convening authority directing withdrawal of the charges against appellant from a special court-martial. *See* RCM 604(a), Manual for Courts–Martial, United States, 1984. There also are no documents signed by this convening authority which give his reasons for ordering an Article 32, UCMJ, 10 USC § 832, investigation and recommending trial by general court-martial. *See* RCM 604(b), Discussion. There is a letter dated June 20, 1989, from the officer in charge of Legal Services Support Team "D" which says the special court-martial convening authority withdrew the charges from a special court-martial after re-evaluating their seriousness.

4. The original referral action by the Commanding Officer, 1st Marine Regiment, is attached to the charge sheet but it is covered by a second referral sheet signed by the Commanding General, 1st Marine Division. *See* RCM 601(e)(1), Discussion.

CALLED A PRESENTENCING WITNESS WHO WAS OF NEGLIGIBLE VALUE IN EXTENUATION OR MITIGATION BUT TESTIFIED ON DIRECT EXAMINATION TO ADMISSIONS OF ADDITIONAL DRUG ABUSE BY THE APPELLANT AND HIS POSSESSION OF SATANIC LITERATURE (R. 48), AND RECOMMENDED A SENTENCE INCLUDING CONFINEMENT OF FROM 3 TO 5 YEARS (R. 50, 53), WHEN THE APPELLANT'S PRETRIAL AGREEMENT PROVIDED FOR SUSPENSION OF CONFINEMENT OVER 32 MONTHS;

GRATUITOUSLY DECLINED THE MILITARY JUDGE'S INVITATION TO OBJECT TO THE TRIAL COUNSEL'S BELATED ATTEMPT TO INTRODUCE THE APPELLANT'S DAMAGING RESPONSES IN THE PROVIDENCE INQUIRY INTO EVIDENCE DURING ARGUMENT ON SENTENCE (R. 56), AS A RESULT OF WHICH SUCH RESPONSES WERE ADMITTED INTO EVIDENCE AGAINST THE APPELLANT;

and

ARGUED THAT THE APPELLANT SHOULD RECEIVE REHABILITATIVE CARE IN THE BRIG (*i.e.*, CONFINEMENT) OF NO MORE THAN 3 TO 5 YEARS (R. 60), THEREBY INVERENTIALLY [sic] CONCEDING THE APPROPRIATENESS OF CONFINEMENT OF SUCH DURATION, WHEN

THE APPELLANT'S PRETRIAL AGREEMENT PROVIDED FOR SUSPENSION OF CONFINEMENT OVER 32 MONTHS?

The court below subsequently affirmed the findings of guilty and the sentence "because the appellant has not demonstrated a reasonable probability that, but for the defense counsel's performance, the ultimate result of the proceeding would have been

any different, as required by *Bono.*" Unpub. op. at 4. *See United States v. Bono,* 26 MJ 240 (CMA 1988).

In concluding its opinion below, the Court of Military Review commented on an aspect of defense counsel's performance in addition to that noted in the specified issue. The court said:

> One additional observation is necessary.... [T]he charges in this case were originally referred for trial by special court-martial. From the trial defense counsel's affidavit, it appears that the reason for a special, vice a general, court-martial in this case was deeply rooted in expediency, but clearly a special court-martial was subject to being recognized by higher authority as an inappropriate forum for disposing of charges of such severity. The only rational defense strategy in such a circumstance is to get into court as soon as possible and, in the meantime, to keep the case away from the attention of anyone who could cause it to be diverted to a general court-martial. Conversely, the one sure way to bring it to the attention of someone who could cause it to be diverted to a general court-martial is to request an administrative discharge for the good of the service (GOS) in lieu of trial by court-martial. *Cf. United States v. Blaylock,* 15 MJ 190 (CMA 1983). Notwithstanding their own correct assessment of the chances for approval of a GOS discharge request as zero, the defense submitted one anyway and ended up at a general court-martial. *Since we are unable to determine from the record whether or not, but for the GOS discharge request, the case would have remained at a special court-martial, we mention the point here solely as a matter of general principle.*

Unpub. op. at 4–5 (emphasis added).

Appellate defense counsel raised the granted issue in this case, focusing on the Court of Military Review's purported "uncertainty" in affirming this conviction. Final Brief at 4.

Article 66(c), UCMJ, 10 USC § 866(c), provides:

(c) In a case referred to it, the Court of Military Review may act only with respect to the findings and sentence as approved by the convening authority. *It may affirm only such findings of guilty* and the sentence or such part or amount of the sentence, *as it finds correct in law and fact and determines, on the basis of the entire record, should be approved.* In considering the record, it may weigh the evidence, judge the credibility of witnesses, and determine controverted questions of fact, recognizing that the trial court saw and heard the witnesses.

(Emphasis added.)

■ The ineffectiveness-of-counsel issue considered by the court below is ultimately a question of law. *See United States v. Scott*, 24 MJ 186 (CMA 1987). In resolving this question, the Court of Military Review had to decide, *inter alia*, whether appellant had shown that "there is a reasonable probability that, but for this deficiency, the result of the proceeding would have been different," *United States v. Bono*, 26 MJ at 242, citing *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). The challenged language of the Court of Military Review inartfully expressed its conclusion that appellant had not met his burden of persuasion on this question of probable causation. In this light, the conviction was properly affirmed as correct in law and fact. *See United States v. Griffith*, 27 MJ 42, 43 (CMA 1988).

■ Nevertheless, appellant contends that he was entitled to a *DuBay* [5] hearing to show whether his defense counsel's ineffectiveness was outcome determinative, *United States v. Polk*, 32 MJ 150, 152–53 (CMA 1991), or that the record was otherwise sufficient for this Court to decide the ineffectiveness issue in his favor. *See United States v. Holt*, 33 MJ 400, 410 n. 10

(CMA 1991). For the reasons noted below, we hold that a *DuBay* hearing is not required and that appellant's defense counsel did not provide ineffective assistance of counsel in this case.

At a general court-martial, the maximum punishment authorized for the offenses of which appellant was found guilty was at least a dishonorable discharge, 28 years' confinement, and total forfeitures. *See* paras. 10e(2)(a) and (d); 37e(1)(a) and (b); and 37e(2)(a), Part IV, Manual for Courts–Martial, United States, 1984. If these charges were referred to a special court-martial, the maximum punishment authorized would have been a bad-conduct discharge, 6 months' confinement, and partial forfeitures for 6 months. *See* Art. 19, UCMJ, 10 USC § 819. The punishment appellant received from his general court-martial was a dishonorable discharge, 7 years' confinement, and total forfeitures. Obviously, the decision of the general court-martial convening authority to refer appellant's case to a general court-martial was a critical factor in the sentence he ultimately received. *See generally United States v. Blaylock*, 15 MJ 190 (CMA 1983).

■ Prejudicial impact resulting from counsel's conduct, however, does not alone establish a claim of ineffective assistance of counsel. *United States v. Donley*, 33 MJ 44, 48 (CMA 1991). Accordingly, assuming the defense request for administrative separation brought appellant's case to the attention of appropriate military authorities, caused them to consider the appropriateness of the initial referral to a special court-martial, and ultimately led to referral of this case to a general court-martial, an additional question still must be addressed. It is whether there is a reasonable explanation for counsel's conduct in terms of the defense of this case (*id.; see United States v. Polk*, 32 MJ at 153) as seen from defense counsel's point of view. *See United States v. Brothers*, 30 MJ 289, 291 (CMA 1990); *United States v. King*, 30 MJ at 70.

---

5. *United States v. DuBay*, 17 USCMA 147, 37 CMR 411 (1967).

In addressing this question, we initially note that the decision to submit this request for an administrative discharge in lieu of trial was appellant's, although he was advised by counsel, and counsel was required to sign it. *See* § 6419, Marine Corps Separation and Retirement Manual (MCO P1900.16C) (July 29, 1987). The request itself and defense counsel's notes admitted as an attachment to his post-trial affidavit uncontrovertedly show that, although appellant understood his meager chance for approval of his administrative request, he nonetheless voluntarily elected to submit that request. *United States v. Curry*, 31 MJ 359, 377 (CMA 1990). Second, the purpose behind the defense decision to submit this request was to escape trial by *any* court-martial as a matter of command convenience or largesse. In view of the unjustified windfall of the initial referral to a special court-martial of appellant's charges, it was not unreasonable for appellant and counsel to hope that their military superiors for their own reasons might prefer to drop this case entirely if appropriate administrative steps were taken. *United States v. Donley*, 33 MJ at 47. *Cf. United States v. Holt*, 33 MJ at 412; *United States v. Stephenson*, 33 MJ 79, 83 (CMA 1991). Third, the decision to withdraw this case from a special court-martial and refer it to a general court-martial could have been made by command authorities at any time prior to trial and even without the request for separation being made. RCM 604(a), Manual, *supra. Cf.* RCM 604(b). *See United States v. Blaylock, supra.* This request was not a condition precedent to the withdrawal-referral decision but one of many ways in which the propriety of the initial referral could be inadvertently brought to the attention of the court-martial convening authorities: *e.g.*, assignment of trial counsel, request for members, request for military judge, etc. *See* § 0120a(1) and b(1), Manual of the Judge Advocate General of the Navy (Change 6, April 22, 1987). *See generally Strickland v. Washington*, 466 U.S. at 694–95, 104 S.Ct. at 2068. In this context, submission of a routine request for separation in lieu of trial by court-martial cannot be fairly characterized as unreasonable so as to constitute ineffective assistance of counsel. *United States v. Donley* and *United States v. King, both supra.*

█ As a final comment, we note our disagreement with the suggestion of the Court of Military Review that other actions taken by defense counsel in this case and noted in the specified issue by that court constituted ineffective assistance of counsel. Defense counsel's candor in bringing to the attention of the military judge a matter which might affect the pleas or a proper determination of their providence (*see United States v. Williams*, 21 MJ 360 (CMA 1986)) was neither unreasonable nor prejudicial. *See United States v. Mays*, 33 MJ 455 (CMA 1991). In addition, in view of appellant's multiple drug convictions, we fail to see how an objection under *United States v. Holt*, 27 MJ 57 (CMA 1988), would be granted or be beneficial. Art. 59(a), UCMJ, 10 USC § 859(a). Moreover, the thrust of the defense witness' testimony was that appellant was a good person and a Marine who was led astray by persons in the civilian community. Despite unfavorable portions of this witness' remaining testimony, it was consistent with a reasonable defense strategy to place appellant in a position where he could be considered deserving of the mercy of the court-martial. Finally, we do not consider it irrational to argue for imposition of a portion of a sentence in excess of a pretrial-agreement limitation in hopes of securing little or no punishment in areas not limited by the pretrial agreement. *See generally United States v. Miller*, 31 MJ 247, 252 (CMA 1990).

The decision of the United States Navy–Marine Corps Court of Military Review is affirmed.

Judge COX concurs.

Judges CRAWFORD and GIERKE and Senior Judge EVERETT did not participate.