**UNITED STATES**

v.

**Captain Kirk D. BILBY, 385–68–2751, United States Air Force.**

**ACM 29250.**

U.S. Air Force Court of Military Review.

Sentence Adjudged 1 Feb. 1991.

Decided 9 June 1992.

---

Appellate Counsel for the Appellant: William G. Smith (argued), Colonel Jeffrey R. Owens, Major Alice M. Kottmyer, Major Mary C. Yastishock, and Major Ronald G. Morgan.

Appellate Counsel for the United States: Major Paul H. Blackwell, Jr. (argued) and Lieutenant Colonel Brenda J. Hollis.

Before O'HAIR, RIVES, and MILLS, Appellate Military Judges.

## OPINION OF THE COURT

O'HAIR, Senior Judge:

Pursuant to a pretrial agreement, appellant pleaded guilty to one specification of conduct unbecoming an officer which alleged he did:

[W]rongfully and dishonorably solicit the distribution of videotapes and/or magazines depicting child pornography involving children engaged in bondage, sadism, bestiality, and/or homosexual acts, and young male castration, the distribution of the said videotapes and/or magazines is a violation of 18 U.S.C. 2252,

in violation of Article 133, UCMJ, 10 U.S.C. § 933. The military judge sitting as a general court-martial sentenced him to be dismissed from the service.

The appellant submitted four assignments of error for our consideration:

1. The specification of the Charge to which the Appellant entered a plea of guilty failed to state an offense;

2. The specification of the Charge to which the Appellant entered a plea of guilty was fatally defective in not alleging every essential element of the offense charged;

3. Appellant's plea of guilty to the specification of Charge I was improvident;

4. Appellant was denied his Sixth Amendment right to effective assistance of counsel.

However, during an oral argument, the primary focus was on the issue of whether appellant was entrapped by federal authorities. Examining all four assignments of error, we find none with merit and affirm.

Sometime before the charged misconduct the appellant, using an assumed name, requested he be sent a catalog containing pornographic materials which presumably could be legally purchased through the mail. He received the catalog at his private post office box and there was no evidence he ever ordered anything from this catalog. In late 1989, the United States Customs Service, as part of an undercover operation targeting child pornography, obtained the mailing list for the above catalog. Those persons whose names were on the mailing list, including the appellant under his assumed name, were sent a flyer which advertised "extremely hard to obtain erotica", but it did not mention child pornography or other specifics. Using his assumed name, appellant responded to this letter by requesting to purchase "very very young sex videos and magazines...." He indicated he was "looking for pre-teen, and young teen" materials. As a result of his letter appellant was sent a catalog of videos and magazines featuring pre-teen and young teen subjects and the catalog listed the ages of the children who appeared in these productions. Appellant completed an order blank, selected two videos and two magazines he wished to purchase and forwarded $128 in cash to pay for his order. When, after 8 weeks, he had not received his materials, he sent a letter of complaint to the supposed supplier. After 2 more weeks of waiting and no receipt, he sent another letter of complaint. Finally, on 25 June 1990, undercover officers arranged for the two videos appellant ordered to be placed in his post office box. While under surveillance, appellant retrieved the videos from his post office box and took them home. A search of his home was conducted pursuant to a search warrant and the videos were discovered in the basement furnace room behind some ceiling insulation.

After the arraignment, but prior to conducting a *Care* inquiry into the providence of his guilty plea, the military judge questioned counsel for both sides as to what each believed the elements of the offense to be. He also solicited their opinion as to the maximum allowable punishment. Fol-

lowing much discussion and many recesses, both parties orally stipulated to amend the specification. They agreed that this was done solely for the purpose of clarifying it, without changing its nature or scope. The added language, which is quoted above, is as follows: "the distribution of said video-tapes and/or magazines is a violation of 18 U.S.C. 2252." The military judge permitted the amendment of the specification; however, he stated he did not see the necessity of reflecting this change on the charge sheet.*

I

■ Appellant's attack on the overall form and content of the specification is meritless. The language used in the specification, as it was amended at trial with the consent of all parties, complies with the guidance found in the explanations and sample specifications of Article 133, and the Article 134, 10 U.S.C. § 934 offense after which the specification was fashioned. MCM, Part IV, paragraphs 59c and f, 105b and f.

The military judge informed the appellant that the following elements constituted the offense of conduct unbecoming an officer by soliciting the transporting of child pornography:

1. [A]t or near Waldorf, Maryland, you wrongfully and dishonorably solicited the distribution of child pornography, specifically involving children ... engaged in bondage, sadism, bestiality, homosexual acts, and young male castration.
2. [Y]our conduct amounted to solicitation to the Artiste Internationale that they transport or ship visual depictions of minors engaged in sexually explicit conduct ... which would be a violation of the Federal statute, 18 U.S.C. 2252. In other words, you actually intended that they violate that statute.
3. [Y]ou intended that Artiste Internationale transport visual depictions of minors engaged in sexually explicit conduct in violation of 18 U.S.C. 2252.

4. [T]hat under the circumstances, your conduct was conduct unbecoming an officer and a gentleman.

The military judge then recited the elements of the offense solicited by appellant, sending child pornography through the mails:

1. Artiste Internationale would have had to first, knowingly transport or ship in interstate or foreign commerce a visual depiction.
2. That visual depiction must be produced using minors engaged in sexually explicit conduct ...
3. [T]he visual depiction would show the minors engaged in sexually explicit conduct.

We find that the specification, as amended by the parties, satisfies the requirements of Rule for Court–Martial (RCM) 307(c)(3) that the language amount to a "plain, concise, and definite statement of the essential facts constituting the offense charged." The elements, as stipulated to by the parties and later explained by the military judge, were a complete description of the facts the government would have had to prove had this been a contested case.

II

■ The appellant raises for the first time on appeal that the advice to appellant was deficient in that there is an inherent "scienter" element missing from this recitation by the military judge. If the appellant's argument were accepted, this would require that the government prove appellant had actual knowledge of the ages of the minors appearing in the solicited child pornography. We reject this proposition. The government need only prove that an accused had "knowledge of the nature of the contents of the visual depictions and that the depictions were to be transported or shipped in interstate or foreign commerce or mailed." *United States v. Moncini,* 882 F.2d 401, 404 (9th Cir.1989). "[I]t is

---

* The better practice would be to make this amendment on the charge sheet, rather than leaving it to the staff of the convening authority to discover such changes and properly reflect them on a promulgating order.

only the shipment or transportation of the sexually explicit material which must be knowing." *United States v. Kleiner*, 663 F.Supp. 43, 44 (S.D.Fla.1987). Since the prosecution of a person who *produces* child-pornographic materials (under 18 U.S.C. § 2251(a)) does not require proof that the defendant has knowledge of the minor's age, it makes sense that the prosecution of one who *transports* these same materials through the mails can be done without having to prove knowledge of the minor's age. *See United States v. U.S. District Court for the Central District of California*, 858 F.2d 534, 538 (9th Cir. 1988). Therefore, we conclude that the military judge was not required to advise appellant that he had to know the ages of persons depicted in the pornographic materials he ordered.

### III

■ The more difficult issue before us is whether appellant's plea was provident. The appellant insisted at trial that at the time of the alleged acts he did not know that mailing child pornography, and that soliciting another to perform such an act, were illegal. This prompted the judge to explain that ignorance of the law is not a defense, and to secure appellant's understanding of this principle.

The trial judge was extraordinarily patient and thorough in all aspects of the providence inquiry, generously allowing time for appellant to consult with counsel at times when he showed any hesitation to admit his culpability. This same manner continued during his exchange with the appellant when discussing the defense of entrapment. Once again, appellant was reticent when he responded to the judge's questions of whether he understood that the defense of entrapment was not applicable to him under the facts of this case. Appellant's initial response was simply: "I've been told that it doesn't." This prompted a further exploration of this topic which ultimately resulted in appellant's acceptance of this legal conclusion.

After the original briefs were submitted in this case, the U.S. Supreme Court announced a decision in the case of *Jacobson v. United States*, —— U.S. ——, 112 S.Ct. 1535, 118 L.Ed.2d 147 (1992). Jacobson was the subject of a series of communications from federal undercover agents for 26 months. At the conclusion of that period he finally requested that several items of child pornography be sent to him. In finding an entrapment defense existed and reversing his conviction, Justice White wrote for the majority:

"Had the agents in this case simply offered petitioner the opportunity to order child pornography through the mails, and petitioner—who must be presumed to know the law—had promptly availed himself of this criminal opportunity, it is unlikely that his entrapment defense would have warranted a jury instruction."

*Jacobson*, —— U.S. at ——, 112 S.Ct. at 1541. This hypothetical description is exactly what we have here. Undercover agents found appellant's assumed name on a mailing list for a catalog of pornographic materials. They sent appellant a flyer in which there was no mention of child pornography, and it was appellant who first raised this topic and indicated his willingness to buy these items. They sent him a catalog of videos and magazines they had for sale, which included a listing of the ages of the children purportedly photographed in their merchandise. Appellant ordered four items with the intent they be mailed to him at his post office box.

From these facts, we agree the defense of entrapment was not available to appellant. The appellant was predisposed to commit this crime and the undercover agents provided no more than an opportunity. *United States v. Whittle*, 34 M.J. 206 (C.M.A.1992); *United States v. Clark*, 28 M.J. 401 (C.M.A.1989); RCM 916(g). Our reading of the Stipulation of Fact, appellant's testimony and the other prosecution exhibits considered by the military judge persuade us the plea was provident. We are convinced appellant anticipated the persons appearing in the magazines and videotapes he ordered would be minors. We derive this not only from his initial correspondence which described his preference

for "pre-teen and young teen" materials, but also because the ages of the young actors were contained in those materials. Accordingly, the military judge appropriately informed and questioned appellant on the elements of the offense to which he desired to plead guilty, discussed potential defenses with him and properly accepted the plea. The providence inquiry was complete in all respects.

## IV

■ In the final assignment of error, appellant complains that his trial defense counsel were ineffective. On this assignment, the Court has considered the affidavit submitted by one of the trial defense counsel. We find the defense of appellant at trial was effective and conscientious.

The law presumes that counsel are effective and they act in the best interest of their client. To rebut this presumption appellant must show that the alleged errors of counsel were so serious that there is a reasonable probability that the outcome would have been different had they not occurred. *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); *United States v. Cordes*, 33 M.J. 462 (C.M.A.1991); *United States v. Bono*, 26 M.J. 240 (C.M.A.1988). Our examination of the defense counsel's affidavit provides a professionally sound explanation for the tactics followed by the defense at trial. Consequently, we find appellant's assertion of ineffective assistance of counsel to be without merit.

For the reasons stated, the findings of guilty and the sentence are

AFFIRMED.

Judges RIVES and MILLS concur.