UNITED STATES, Appellee

v.

Kirk D. BILBY, Captain, U.S. Air Force, Appellant.

No. 93–0207.
CMR No. 29250.

U.S. Court of Military Appeals.

Argued Dec. 3, 1993.

Decided July 14, 1994.

For Appellant: *William G. Smith* (argued); *Colonel Jay L. Cohen* and *Captain Robert A. Parks.*

For Appellee: *Captain Jane M.E. Peterson* (argued); *Colonel Richard L. Purdon* and *Colonel Jeffery T. Infelise* (on brief); *Major Paul H. Blackwell, Jr.*

*Opinion of the Court*

WISS, Judge:

Appellant pleaded guilty at a general court-martial to conduct unbecoming an officer by wrongfully and dishonorably soliciting distribution of child pornography in violation of 18 USC § 2252. *See* Art. 133, Uniform Code of Military Justice, 10 USC § 933. The military judge then sentenced him to dismissal from the service. The convening authority approved these results, and the Court of Military Review affirmed. 34 MJ 1191 (1992).

We granted appellant's petition that asked us to consider whether "the statute under which appellant was convicted (18 USC § 2252) [was] fatally defective and unconstitutional because it lacked a scienter requirement." Appellant urges that the statute is constitutionally flawed and that, as a result, he could not have been convicted lawfully of having solicited its violation. Now, on further consideration, we decide that we need not answer the granted issue in order to determine whether appellant's pleas and resulting conviction can stand: They can.

I

Appellant, under an alias, requested and received a catalog containing pornographic materials but never ordered anything. The United States Customs Service, as part of an undercover operation targeting child pornography, obtained the mailing list for the catalog, and they sent appellant and others a flyer advertising "extremely hard to obtain erotica."

The flyer did not mention child pornography, but appellant responded to the flyer by asking to purchase "very very young sex videos and magazines...." He indicated that he was "looking for pre-teen, and young teen" materials. Appellant was sent a catalog featuring pre-teen and young teen subjects, and he ordered two videos and two magazines. 34 MJ at 1192. The catalog's descriptions of the videos that he ordered made clear that they depicted explicit sexual activity by children of tender years—ages 5, 7, and 9 in one instance and ages 10 and 12 in the other.

Undercover officers placed the materials in appellant's post-office box. After appellant had retrieved them, taken them home, and left his house without them, agents obtained a search warrant for the house. They found the materials, the order form, and the catalog; and appellant subsequently was apprehended.

As referred to trial, the specification laid against appellant alleged that he

wrongfully and dishonorably solicit[ed] the distribution of videotapes and/or magazines depicting child pornography involving children engaged in bondage, sadism, bestiality, and/or homosexual acts, and young male castration.

Appellant had negotiated a pretrial agreement to plead guilty to this specification and was fully prepared to do so at trial.

The military judge, however, engaged in a good deal of hand-wringing as to whether the specification was adequate to state an offense, absent adoption of the Federal child pornography law, 18 USC § 2252, to define "wrongfully."[1] With concomitant consternation on the part of the parties that the pretrial agreement was in jeopardy, they ultimately agreed to "clarif[y]" the specification by adding to the end of the original language: "the distribution of the said videotapes and/or magazines is a violation of 18 USC 2252." The parties agreed that, "[i]n essence, what we have then is the [Article] 134 [, UCMJ, 10 USC § 934] [offense of solicitation], charged as [Article] 133." *See generally* para. 59c(2), Part IV, Manual for Courts-Martial, United States, 1984 ("This article [133] includes acts made punishable by any other article, provided these acts amount to conduct unbecoming an officer and a gentleman.").

Appellant pleaded guilty to the specification as amended. During the providence inquiry, the military judge addressed the elements not only of conduct unbecoming an officer under Article 133 (*see* para. 59b), but also of solicitation under Article 134 (*see* para. 105b, Part IV, Manual, *supra*) and of the crime allegedly solicited (*see* 18 USC § 2252). In connection with the latter, the military judge defined "minor" ("any person under the age of 18"), "sexually explicit conduct" ("actual or simulated sexual intercourse ..." and "includes bestiality, masturbation, sadistic or masochistic abuse or lascivious exhibition of the genitals or pubic area of any person"), and "visual depiction" ("even includes undeveloped film and videotapes").

## II

In this Court, appellant attacks his pleas and conviction by asserting that 18 USC § 2252 lacks any scienter requirement and that, so lacking, it is an unconstitutional strict-liability infringement of protected free speech.[2] *See United States v. X-Citement*

1. In relevant part, 18 USC § 2252 provides:
   (a) Any person who—
   (1) knowingly transports or ships in interstate or foreign commerce by any means including by computer or mails any visual depiction, if—
   (A) the producing of such visual depiction involves the use of a minor engaging in sexually explicit conduct; and
   (B) such visual depiction is of such conduct;
   \* \* \*

shall be punished as provided in subsection (b) of this section.

2. The fact that appellant clearly knew that the materials he had ordered contained minor actresses and actors does not preclude his constitutional challenge that is based on absence of a scienter element. First Amendment overbreadth is one of the few exceptions to the principle that "a person to whom a statute may constitutionally be applied may not challenge that statute on the ground that it may conceivably be applied unconstitutionally to others in situations not before

*Video, Inc.,* 982 F.2d 1285 (9th Cir.1992), *cert. granted,* —— U.S. ——, 114 S.Ct. 1186, 127 L.Ed.2d 536 (February 28, 1994). He extrapolates that, since the specification to which he pleaded guilty and of which he was found guilty charged a violation of this unconstitutional statute, his pleas and conviction cannot be affirmed.[3]

The Government responds with a tripartite argument. First, the unbecoming conduct that was alleged and found was appellant's act of soliciting another to distribute child pornography—an act that independently satisfies the elements of Article 133 without reference to Article 134 and/or 18 USC § 2252. Second, that being so, the amendment of the specification to include reference to 18 USC § 2252 and the providence inquiry into the elements of that statute merely were surplusage. Finally, 18 USC § 2252 contains a scienter element in any event, and appellant admitted during the providence inquiry that he had it.

We are aware that there is considerable controversy surrounding the meaning of 18 USC § 2252, the Protection of Children Against Sexual Exploitation Act of 1977. *See, e.g., United States v. Knox,* 977 F.2d 815 (3d Cir.1992), *cert. granted,* —— U.S. ——, 113 S.Ct. 2926, 124 L.Ed.2d 677 (1993), *vacated and remanded,* —— U.S. ——, 114 S.Ct. 375, 126 L.Ed.2d 325 (1993) (what constitutes "lascivious" and "exhibition" for purposes of the statute's prohibition of "lascivious exhibition of the genitals or pubic area"—18 USC § 2256(2)(E)). Concerning the precise issue in the case at bar, appellant is correct that a majority of a panel of the Ninth Circuit in *X–Citement Video* did hold that the statute does not contain a scienter requirement and that, as such, it unconstitutionally chills free speech. *But see United States v. Moncini,* 882 F.2d 401 (9th Cir. 1989) (dictum). A dissenting judge in *X–*

*Citement Video* (9th Cir.) agreed that the statute does not expressly include scienter but concluded that the statute could and should be constitutionally narrowed to include a scienter of recklessness, which he believed would meet the First Amendment challenge. *See generally Osborne v. Ohio,* 495 U.S. 103, 115, 110 S.Ct. 1691, 1699, 109 L.Ed.2d 98 (1990) (recklessness "plainly satisfies the requirement laid down in [*New York v.*] *Ferber* [, 458 U.S. 747, 765[, 102 S.Ct. 3348, 3358, 73 L.Ed.2d 1113] (1982) ] that prohibitions on child pornography include some element of scienter").

The Ninth Circuit is the only federal Court of Appeals to have forthrightly ruled on this issue. In the process of resolving related issues, however, several other circuits have concluded or assumed that the statute requires knowledge that the materials contain minors. *See, e.g., Rodriguez v. Clark Color Laboratories,* 921 F.2d 347 (1st Cir.1990); *United States v. Duncan,* 896 F.2d 271 (7th Cir.1990); *United States v. Brown,* 862 F.2d 1033 (3d Cir.1988); *United States v. Garot,* 801 F.2d 1241 (10th Cir.1986). Also, several district courts have rejected the Ninth Circuit's reasoning and have held that knowledge that the materials contained minors is required by the statute. *See, e.g., United States v. Kempton,* 826 F.Supp. 386 (D.Kan. 1993); *United States v. Prytz,* 822 F.Supp. 311 (D.S.C.1993). Other district courts, however, have concluded to the contrary. *See, e.g., United States v. Kleiner,* 663 F.Supp. 43 (S.D.Fla.1987); *United States v. Tolczeki,* 614 F.Supp. 1424 (N.D. Ohio 1985). The Supreme Court only recently has granted certiorari in *X–Citement Video,* but we do not need to be detained by this provocative debate.

We will assume for our present purposes that appellant is correct that he was found guilty of conduct unbecoming an officer by

---

the Court." *New York v. Ferber,* 458 U.S. 747, 767, 102 S.Ct. 3348, 3359, 73 L.Ed.2d 1113 (1982); *accord Gooding v. Wilson,* 405 U.S. 518, 92 S.Ct. 1103, 31 L.Ed.2d 408 (1972).

**3.** Appellant also asserts that the unconstitutionality of the statute poisons the search warrant that led to discovery of the evidence against him which, in turn, prompted his pleas and resultant

conviction. Apart from the tortuousness of this reasoning, it ignores the clear principle that an unconditional plea of guilty waives any appellate complaint of unlawful search and seizure. *See* Mil.R.Evid. 311(i), Manual for Courts–Martial, United States, 1984; *cf.* RCM 910(a)(2), Manual, *supra.*

soliciting another to violate 18 USC § 2252, as opposed to the Government's position that he was found guilty of conduct unbecoming an officer by arguably the more generic act of soliciting another to distribute child pornography. Indeed, that was the expressed views of the parties and the military judge when the specification was amended, when the parties discussed the maximum imposable sentence, and when the military judge inquired into the providence of the plea.[4]

■ We do not believe that it seriously can be doubted that a military officer's act of soliciting another person to violate a Federal statute is disgraceful and dishonorable conduct, *see Parker v. Levy*, 417 U.S. 733, 761, 94 S.Ct. 2547, 2564, 41 L.Ed.2d 439 (1974), without regard for the nature of the statute (that is, what it prohibits) or for the lawfulness of the statute (that is, whether it ultimately is upheld as constitutional). It is not necessary, under Article 133, that the conduct of the officer, itself, otherwise be a crime. *United States v. Taylor*, 23 MJ 314, 318 (CMA 1987) (Court affirmed conviction for violating Article 133 by requesting another person to commit an offense under cir-

cumstances when that act was not a punishable solicitation under Article 134); *see* para. 59c(2). *Cf. United States v. Choate*, 32 MJ 423, 425 (CMA 1991). Simply stated, it is unbecoming for an officer to solicit someone to violate a Federal statute—period.

■ Therefore, we need not enter the quagmire of the debate over whether 18 USC § 2252 is constitutional and, if not, whether one can be guilty under *Article 134* of soliciting another to violate it. Instead, *under Article 133*, all that is necessary is that appellant did some certain act and that, under the circumstances, that act constituted conduct unbecoming an officer. *See* para. 59b. Here, that act was soliciting someone else to violate a federal statute, *see Parker v. Levy*, *supra*.

### III

The decision of the United States Air Force Court of Military Review is affirmed.

Chief Judge SULLIVAN and Judges COX, CRAWFORD, and GIERKE concur.

---

4. It might well be that, under the facts of this case, appellant could have been prosecuted for conduct unbecoming an officer by his involvement with child pornography. Likely, few would disagree that any reasonable officer would know of the criminality of such conduct. *Cf. United States v. Hartwig*, 39 MJ 125 (CMA 1994) (con-

duct unbecoming an officer to solicit a schoolgirl to mail a nude photograph of herself to him). As we have pointed out in this opinion, however, that was not ultimately the basis of appellant's pleas, the providence inquiry, or the military judge's findings of guilty; so we will restrict our discussion accordingly.