**UNITED STATES**

v.

**Jeffrey B. MAZER, Lieutenant (O–3), U.S. Navy.**

**NMCCA 200001655.**

U.S. Navy–Marine Corps Court of Criminal Appeals.

Sentence Adjudged 23 March 1999.

Decided 27 Oct. 2005.

Lt T.J. Owens, JAGC, USNR, Appellate Defense Counsel.

Maj J.Ed Christiansen, USMC, Appellate Defense Counsel.

CDR Brent Filbert, JAGC, USNR, Appellate Defense Counsel.

Lt Lars Johnson, JAGC, USNR, Appellate Government Counsel.

Before RITTER, Senior Judge, SCOVEL, and SUSZAN, Appellate Military Judges.

SUSZAN, Judge:

In a published decision, a predecessor panel of this court reviewed the appellant's general court-martial and affirmed the findings and sentence approved by the convening authority (CA). *United States v. Mazer*, 58 M.J. 691 (N.M.Ct.Crim.App.2003). After granting the appellant's petition for review, our superior court summarily set aside our earlier decision pursuant to *United States v. Jenkins*, 60 M.J. 27 (C.A.A.F.2004), and returned the record of trial to this court for further review by a panel of different judges.[1] We have now complied with our superior court's mandate. After carefully considering the record of trial, the appel-

---

1. "On further consideration of the petition for grant of review in this case, and in light of our decision in *United States v. Jenkins*, 60 M.J. 27 (C.A.A.F.2004), it is, ... [o]rdered [t]hat the decision of the United States Navy–Marine Corps Court of Criminal Appeals is set aside. The record of trial is returned to the Judge Advocate General of the Navy for remand to that court for a new review pursuant to Article 66(c), Uniform Code of Military Justice, 10 U.S.C. § 866(c)(2000), before a panel comprised of judges who have not previously participated in this case." *United States v. Mazer*, 60 M.J. 344 (C.A.A.F.2004)(summary disposition).

lant's seven assignments of error[2], and the Government's response, we conclude that the findings and sentence are correct in law and fact and that no error materially prejudicial to the substantial rights of the appellant was committed. *See* Articles 59(a) and 66(c), Uniform Code of Military Justice, 10 U.S.C. §§ 859(a) and 866(c).

The appellant was tried by a general court-martial composed of a military judge alone. Pursuant to his pleas, the appellant was convicted of electronically transmitting obscene material over the internet, communicating sexually suggestive and sexually explicit language to a minor via electronic mail, engaging in sexually suggestive and sexually explicit telephone conversations with a minor, possessing obscene, lewd and lascivious visual depictions of minors, indecent acts with a minor, and communicating indecent language. The appellant's acts violated Articles 133 and 134, UCMJ, 10 U.S.C. §§ 933 and 934. The appellant was sentenced to a period of confinement for 7 years, forfeiture of all pay and allowances, and a dismissal from the naval service. The CA approved the findings and sentence as adjudged and, except for the dismissal, ordered the sentence executed. Pursuant to a pretrial agreement, the CA suspended all confinement in excess of 60 months for a period of 12 months from the date of his action. Further, the CA disapproved one-third of the appellant's adjudged forfeitures upon his release from confinement.

**Unreasonable Multiplication of Charges**

In his first assignment of error, the appellant asserts that Charge I, Specifications 4–7, constitute an unreasonable multiplication of charges. The substance of the appellant's claim is that the separately charged specifications misrepresent one continuous "chat" between the appellant and an undercover Naval Criminal Investigative Service (NCIS) special agent, who the appellant assumed to be Ms. R, a 14–year–old minor. The appellant avers that these specifications should be consolidated and, accordingly, his sentence reassessed to include a 6–month reduction in confinement. We find the appellant's claim of an unreasonable multiplication of charges to be lacking in merit and decline to grant the requested relief.

█ To determine whether there has been an unreasonable multiplication of charges, we consider five factors: (1) Did the appellant object at trial; (2) Are the charges aimed at distinctly separate criminal acts; (3) Do the charges misrepresent or exaggerate the appellant's criminality; (4) Do the charges unreasonably increase the appellant's punitive exposure; and (5) Is there any evidence of prosecutorial overreaching or abuse in the drafting of the charges and specifications? *United States v. Quiroz,* 57 M.J. 583, 585–86 (N.M.Ct.Crim.App.2002)(en banc), *aff'd,* 58 M.J. 183 (C.A.A.F.2003)(summary disposition). In deciding an issue of unreasonable multiplication of charges, trial courts should consider Rule for Courts-Martial 307(c)(4), Manual for Courts-Martial, United States (1998 ed.), Discussion, which provides the following guidance: "What is substantially one transaction should not be

2. I. CHARGE I, SPECIFICATIONS 4–7, ARE AN UNREASONABLE MULTIPLICATION OF CHARGES IN THAT THEY MISREPRESENT ONE SERIES OF ELECTRONIC "CHATS" BETWEEN APPELLANT AND AN UNDERCOVER NCIS AGENT AS FOUR SEPARATE CRIMINAL ACTS.

II. THE ATTORNEYS ASSIGNED AND HIRED TO REPRESENT APPELLANT WERE INEFFECTIVE FOR FAILING TO REQUEST DEFERMENT OF FORFEITURES.

III. WHERE APPELLANT PLED GUILTY PURSUANT TO AN UNCONSTITUTIONAL "CHILD PORNOGRAPHY" DEFINITION (18 U.S.C. § 2256(8)(B)) IN THE CHILD PORNOGRAPHY PREVENTION ACT OF 1996, HIS PLEA TO CHARGE I, SPECIFICATION 9, WAS IMPROVIDENT IN LIGHT OF *ASHCROFT V.*

*FREE SPEECH COALITION,* 535 U.S. 234, 122 S.Ct. 1389, 152 L.Ed.2d 403 (2002).

IV. THE MILITARY JUDGE ERRED BY ACCEPTING APPELLANT'S PLEA TO "COMMUNICAT[ING]" SEXUAL LANGUAGE VIA EMAIL TO [HR], A 14–YEAR–OLD, (Charge I, Specification 3) WHERE THE FACTS ELICITED FAILED TO ESTABLISH MS. [R] RECEIVED THE EMAIL.

V. APPELLANT WAS PREJUDICED BY THE VICTIM'S FATHER'S REQUEST THAT THE MILITARY JUDGE AWARD THE "MAXIMUM PUNISHMENT."

VI. APPELLANT'S SENTENCE TO DISMISSAL AND SEVEN YEARS CONFINEMENT IS INAPPROPRIATELY SEVERE.

VII. APPELLANT WAS SUBJECTED TO ILLEGAL PRETRIAL PUNISHMENT.

made the basis for an unreasonable multiplication of charges against one person."

■ Applying the non-exclusive *Quiroz* factors and the guidance provided by R.C.M. 307, we conclude that the specifications identified by the appellant do not represent an unreasonable multiplication of charges. Each specification describes a separate and distinct communication between the appellant and Ms. R; in fact, all but one of the communications occurred on a separate date and at a different time from the others. Further, the content of each communication was unique, each encompassing its own vivid and graphically detailed description of various sexual acts and desires. Accordingly, we decline to grant relief on this assignment of error.

### Ineffective Assistance of Counsel

■ In his second assignment of error, the appellant claims that his trial defense counsel and civilian counsel were derelict in their duties by failing to request deferral of the adjudged forfeiture and waiver of the automatic forfeiture. The appellant requests that this court order a new CA's action directing the CA to defer all forfeitures, or, in the alternative, that we direct the CA to issue a supplemental CA's action, affording the appellant an opportunity to request deferment of forfeitures. We find no ineffective assistance of counsel and decline to grant relief.

In his unsworn statement, the appellant requested that the court consider his family's financial problems and explained in great detail the significant debt that he and his family had incurred through equity and student loans. Further, the appellant submitted documents indicating the magnitude of this existing debt and provided the testimony of his mother, who confirmed that the amount of debt had wrought financial hardship upon the appellant's family. The appellant claims that forfeiture relief was a primary focus of the sentencing case. Indeed, the focus of the appellant's post-trial clemency submissions also included a plea to lessen the financial hardship that would be exacerbated by either automatic or adjudged forfeiture of pay and allowances. In furtherance of this cause, the appellant's civilian defense counsel submitted two letters as part of his clemency package that discussed the financial implications of a sentence that included forfeiture. Clemency Request of 20 Sep 1999 at enclosures 1 and 2.

The U.S. Supreme Court has articulated two factors that an appellate court must find before concluding that relief is required for ineffective assistance of counsel: deficient performance and prejudice. *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). This constitutional standard applies to military cases. *United States v. Scott*, 24 M.J. 186 (C.M.A. 1987). There is a strong presumption that counsel is competent. *Strickland*, 466 U.S. at 689, 104 S.Ct. 2052; *United States v. Quick*, 59 M.J. 383 (C.A.A.F.2004).

The appellant has failed to provide any evidence that would lead this court to believe that his requests for waiver and deferral of forfeiture of pay and allowances would have been approved. It is the responsibility of the appellant to provide that information. *United States v. Moulton*, 47 M.J. 227, 229–30 (C.A.A.F.1997). Under similar, but slightly different facts, our superior court declined to find ineffective assistance of counsel on a claim that the appellant's two military defense counsel were deficient by failing to inform him that he could submit a post-trial request for waiver of automatic forfeiture of pay. *United States v. Key*, 57 M.J. 246, 249 (C.A.A.F.2002).

Based on our review of the entire record, we are fully confident that the appellant's defense counsel were competent. The trial defense counsel negotiated a pretrial agreement that reduced appellant's confinement from 7 years to 5 years. Further, he zealously represented the appellant throughout trial, including sentencing. Finally, the substitute defense counsel submitted an excellent post-trial petition for clemency. Accordingly, we decline to grant relief.

### Improvident Pleas

■ In his third assignment of error, the appellant avers that his plea to Charge I, Specification 9 was improvident because the definitions applicable to the child pornography statute under which he was convicted are unconstitutional. In making this argu-

ment the appellant relies on the U.S. Supreme Court's decision in *Ashcroft v. Free Speech Coalition*, 535 U.S. 234, 122 S.Ct. 1389, 152 L.Ed.2d 403 (2002), and contends that the military judge failed to elicit a sufficient factual basis to support a finding that the materials possessed by the appellant involved *actual* children, rather than mere visual depictions that may or may not be actual children. Indeed, "[t]he 'actual' character of the visual depictions is now a factual predicate to any plea of guilty under the CPPA [Child Pornography Prevention Act]." *United States v. O'Connor*, 58 M.J. 450, 453 (C.A.A.F.2003). While we are guided by the holding of our superior court in *O'Connor* in instances where an appellant pleads guilty to violating the CPPA, the appellant was not convicted of violating the CPPA. Accordingly, those definitional sections of the CPPA found to be unconstitutional by the *Free Speech Coalition* decision are not relevant to our review of the conviction before us.

Although the military judge referred to the CPPA during the providence inquiry, the appellant actually pled guilty to conduct unbecoming an officer, in violation of Article 133, UCMJ, by possessing child pornography. The elements of Article 133 are straightforward:

(1) That the accused did or omitted to do certain acts; and

(2) That, under the circumstances, these acts or omissions constituted conduct unbecoming an officer and gentleman.

MANUAL FOR COURTS–MARTIAL, UNITED STATES (1998 ed.), Part IV, ¶ 59(b).

We have no difficulty concluding that, at a minimum, the appellant attempted to possess child pornography. We reach this determination by examining the pictures properly admitted as Prosecution Exhibits, coupled with the appellant's admissions contained within a stipulation of fact that he possessed photographs and digital images of minor children under the age of 16 on his personal computer's hard drive. These photographs and digital images depicted minor children engaged in explicit sexual acts. Further, we have no difficulty concluding that the appellant's conduct in receiving these images from both a private individual and various web-based services via an internet service provider constituted conduct unbecoming an officer and gentleman.

We reach these determinations notwithstanding the definitional limitations imposed by *Free Speech Coalition* and *O'Connor. See United States v. Bilby*, 39 M.J. 467 (C.M.A.1994) (affirming a conviction for violation of Article 133, UCMJ, conduct unbecoming an officer and gentleman in the case of an officer who solicited the distribution of child pornography, despite finding the underlying statute to be arguably unconstitutional); *see also United States v. Sollmann*, 59 M.J. 831 (A.F.Ct.Crim.App.2004)(citing *Bilby* to sustain a conviction based upon an enlisted accused's guilty plea to possessing child pornography under Article 134, UCMJ, despite finding the underlying statute to be unconstitutional), *rev. denied*, 60 M.J. 369 (C.A.A.F. 2004).

In summary, the appellant searched for, and received, images of graphic child pornography. In both his stipulation of fact and during his colloquy with the military judge, the appellant indicated his understanding that the possession of these materials constituted conduct unbecoming an officer and gentleman and seriously compromised his standing as such.[3] We are convinced that the appellant's underlying conduct of possessing and receiving these images "independently satisfied the requirements of Article 133, UCMJ, regardless of the constitutionality of the federal statute." *Sollmann*, 59 M.J. at 835. As held by our superior court in *Bilby*:

We do not believe that it seriously can be doubted that a military officer's act ... to violate a Federal statute is disgraceful and dishonorable conduct, *see Parker v. Levy*, 417 U.S. 733, 761, 94 S.Ct. 2547,

---

**3.** The appellant avers the plea inquiry on the unbecoming character of his conduct was deficient in view of *O'Connor*, 58 M.J. at 454. We find otherwise, taking into consideration the appellant's very status as an officer, which itself negated the need for a more detailed providence inquiry, and the fact that he entered into a detailed confessional stipulation. *See United States v. Sweet*, 42 M.J. 183, 185 (C.A.A.F.1995).

2564, 41 L.Ed.2d 439 (1974), without regard for the nature of the statute (that is, what it prohibits) or for the lawfulness of the statute (that is, whether it is ultimately upheld as constitutional). *It is not necessary, under Article 133, that the conduct of the officer, itself, otherwise be a crime.* *Bilby,* 39 M.J. at 470 (emphasis added).

After examining the entire record, we are convinced that the finding of guilty is legally and factually sufficient to support the appellant's conviction of conduct unbecoming an officer as alleged in Specification 9 of Charge I.

■ In a related assignment of error, the appellant contends that the military judge erred in accepting his plea to Charge I, Specification 3. This specification charged the appellant with communicating, via e-mail, sexual language to a 14–year–old, Ms. R. The appellant avers that the specification should be dismissed because the military judge failed to elicit sufficient facts demonstrating that Ms. R received the e-mail sent by the appellant. We disagree and decline to grant relief.

As with the specification discussed above, the appellant was charged with violating Article 133, UCMJ. The elements constituting this offense are: (1) that the accused did or omitted to do certain acts; and (2) that, under the circumstances, these acts or omissions constituted conduct unbecoming an officer and gentleman. In his colloquy with the military judge, the appellant clearly admitted to sending the e-mail that was the subject of the charged specification. Additionally, he admitted to these facts in the stipulation of fact. The fact that the victim may or may not have received the e-mail does not negate the fact that the elements of Article 133, UCMJ, were satisfied by the appellant's own admissions, nor does it impact our determination that the communication sent by the appellant was of an "unbecoming" nature. Accordingly, we conclude that the appellant's guilty plea to Charge I, Specification 3 is provident.

### Improper Sentencing Evidence

■ In his fifth assignment of error, the appellant asserts that he was prejudiced by the testimony of the victim's father, who requested during the sentencing phase of the court-martial that the military judge award the appellant the "maximum punishment." The appellant asks this court to reassess the sentence and either disapprove the dismissal or 6 months confinement. We disagree and decline to grant relief.

Because the appellant failed to object to this testimony at trial, he has forfeited the issue on appeal unless he can demonstrate that the admission of the sentencing evidence constituted plain error. *See United States v. Gilley,* 56 M.J. 113, 122 (C.A.A.F.2001); R.C.M. 103(a). We analyze a claim of plain error under the three-part standard of *United States v. Powell,* 49 M.J. 460, 464–65 (C.A.A.F.1998); that is, (1) was there an error; (2) if so, was the error plain or obvious; and (3) if the error was plain or obvious error, was it prejudicial. *See* Art. 59(a), UCMJ, 10 USC § 859(a). In this case, where the appellant was tried by military judge alone, we do not find that admission of the father's testimony is plain error. Obviously distraught by the predatory nature of the appellant's communication and interaction with his minor daughter, the victim's father stated that although he did not know what the maximum punishment was for the appellant's offenses, he believed that the appellant deserved it. The fact that the military judge awarded a sentence of 7 years confinement, well below the 23½-year maximum sentence, demonstrates that he disregarded the father's request and that this comment had no prejudicial impact upon the appellant's ultimate sentence. We therefore conclude that any error in admitting this sentencing evidence did not prejudice the ultimate sentence adjudged. *See United States v. Williams,* 50 M.J. 397, 400–01 (C.A.A.F.1999).

### Sentence Appropriateness

■ The appellant also contends that his sentence to a dismissal and 7 years confinement is inappropriately severe. While we acknowledge that a dismissal is severe punishment, we find it appropriate for this appellant and his offenses.

Sentence appropriateness involves the "*individualized* consideration' of the particular accused 'on the basis of the nature and

seriousness of the offense and character of the offender.'" *United States v. Snelling*, 14 M.J. 267, 268 (C.M.A.1982)(emphasis added)(quoting *United States v. Mamaluy*, 27 C.M.R. 176, 180–81, 1959 WL 3587 (C.M.A. 1959)). After carefully considering the evidence admitted on the merits, in aggravation and in mitigation, including the appellant's unsworn statement, we conclude that the appellant's sentence is not inappropriately severe. Art. 66(c), UCMJ, 10 U.S.C. § 866(c).

The appellant served as a commissioned dental officer attached to 1st Dental Battalion, 1st Force Service and Support Group, United States Marine Corps. While serving in that capacity he communicated, on numerous occasions and through a myriad of means, with the minor daughters of Marines stationed on board Camp Pendleton. The communications that the appellant had with these minors were inappropriate, lewd, obscene, and sexually suggestive. Additionally, he possessed numerous depictions of apparent child pornography, to include young females engaged in sex acts with adults. The appellant's actions reflect a profound lack of integrity and constitute severe misconduct warranting a severe punishment. Despite the extensive evidence provided in mitigation by the appellant and others on his behalf, when viewed in the context of the affirmed findings, we do not believe that his dismissal or sentence of 7 years confinement is inappropriately severe.

### Illegal Pretrial Punishment

In a final summary assignment of error, the appellant alleges that he was subjected to illegal pretrial punishment. Held in "special quarters" during pretrial confinement, the appellant contends that he was not "treated with the respect due an officer or pretrial detainee" and that the circumstances of this confinement were so excessive as to constitute punishment. Appellant's Brief of 25 Jun 2002 at 21. The appellant avers that this court should grant 10 days credit for each of the 4 days he spent in "prevention of injury" status and an appropriate amount of additional credit for each day he served in special quarters. We find no pretrial punishment and decline to grant relief on this basis.

The appellant raised this issue at trial and the military judge made essential findings of fact in which he concluded that the conditions imposed upon the appellant during his pretrial confinement were in furtherance of legitimate governmental interests. Appellate Exhibit VI at 6.

Whether a pretrial detainee suffered unlawful punishment is a mixed question of law and fact that qualifies for independent review. *See United States v. Pryor*, 57 M.J. 821, 825 (N.M.Ct.Crim.App.2003), *rev. denied*, 59 M.J. 32 (C.A.A.F.2003). The burden of proof is on the appellant to show a violation of Article 13, UCMJ, 10 U.S.C. § 813. *See United States v. Mosby*, 56 M.J. 309, 310 (C.A.A.F.2002). "Article 13 prohibits two things: (1) the intentional imposition of punishment on an accused before his or her guilt is established at trial; i.e., illegal pretrial punishment, and (2) arrest or pretrial confinement conditions that are more rigorous than necessary to ensure the accused's presence at trial, i.e., illegal pretrial confinement." *United States v. Inong*, 58 M.J. 460, 463 (C.A.A.F.2003)(citing *United States v. Fricke*, 53 M.J. 149, 154 (C.A.A.F.2000)).

 The "punishment prong" of Article 13, UCMJ, focuses on intent, while the "rigorous circumstances" prong focuses on the conditions of pretrial restraint. *See Pryor*, 57 M.J. at 825 (citing *United States v. McCarthy*, 47 M.J. 162, 165 (C.A.A.F.1997)). Conditions are not deemed "unduly rigorous" if, under the totality of the circumstances, they are reasonably imposed pursuant to legitimate governmental interests. *McCarthy*, 47 M.J. at 167–68. When an arbitrary brig policy results in particularly egregious conditions of confinement, the court may infer that an accused has been subject to pretrial punishment. *See United States v. Anderson*, 49 M.J. 575, 577 (N.M.Ct.Crim.App.1998). However, if the conditions of pretrial restraint were reasonably related to a legitimate government objective, an appellant will not be entitled to relief. *See McCarthy*, 47 M.J. at 167; *see also United States v. Sittingbear*, 54 M.J. 737, 741 (N.M.Ct.Crim.App. 2001).

 We have considered the appellant's contentions regarding the conditions of his

pretrial confinement in special quarters, and find that he has not met his burden under Article 13, UCMJ. Although austere, the conditions of special quarters, as outlined by the appellant in his extensive submissions, indicate that he was not deprived of basic needs. He received adequate food and had showers, visits, phone calls, and mail. The appellant does not contend that he was denied medical treatment, or that he was subjected to the use of excessive force. In fact, the record is replete with statements made by the appellant himself and others praising the effectiveness of the counseling and treatment he received while in confinement. *See generally, United States v. Avila,* 53 M.J. 99 (C.A.A.F. 2000). Given the circumstances of this case, as outlined by the appellant, we agree with the military judge that, under the totality of the circumstances, the conditions were reasonably imposed pursuant to legitimate governmental interests. Further, the appellant has not demonstrated an intent to punish, and we find that the serious nature of the charges against him justified the decision to keep him in special quarters pending trial. We are confident that the conditions of pretrial restraint were reasonably related to a legitimate government objective. The appellant has not met his burden, and we decline to grant sentence relief.

### Conclusion

Accordingly, we affirm the findings and sentence, as approved by the convening authority.

Senior Judge RITTER and Judge SCOVEL concur.