UNITED STATES, Appellee,

v.

Jafeh E. PENA, Specialist Five, U.S. Army, Appellant.

No. 51266.

CM 444139.

U.S. Court of Military Appeals.

Aug. 4, 1986.

For Appellant: *Captain Lorraine Lee* (argued); *Lieutenant Colonel William P. Heaston, Captain Annamary Sullivan, Captain Robert S. Johnson, Jr.* (on brief); *Colonel William G. Eckhardt, Major Eric T. Franzen, Captain Harry L. Williams, Jr.*

For Appellee: *Captain John F. Burnette* (argued); *Colonel James Kucera, Lieutenant Colonel Adrian J. Gravelle, Major Byron J. Braun* (on brief); *Captain Andrew D. Stewart.*

*Opinion of the Court*

COX, Judge:

Appellant was tried by general court-martial at Ft. Belvoir, Virginia, during December 1982 and January 1983. Contrary to his pleas, he was convicted by a panel of officer members of possession and distribution of cocaine on October 8, 1982, and possession of cocaine with intent to distribute on October 29, 1982, in violation of Article 134, Uniform Code of Military Justice, 10 U.S.C. § 934. His sentence to confinement for 18 months and reduction to E–1 was approved by the convening authority. The Court of Military Review dismissed the October 8 possession offense as multiplicious for findings with the distribution offense of the same date and affirmed the sentence.

We granted review of two issues:

I

WHETHER THE MILITARY JUDGE ERRONEOUSLY DENIED A DEFENSE MOTION TO STRIKE THE DIRECT TESTIMONY OF TWO GOVERNMENT WITNESSES FOLLOWING THE GOVERNMENT'S FAILURE TO PRODUCE A TAPE RECORDING OF THEIR REPORT IN REFERENCE TO THE APPELLANT'S CASE.

Appellant was apprehended by two CID agents on October 29, 1982, for distribution

of cocaine. While being interviewed by the agents, appellant made both an oral and written confession. Later that day, each agent used a tape recorder to dictate from memory a report of the investigation of appellant. The tapes were transcribed into typewritten form by a secretary and were thereafter reused in accordance with usual office procedure. One agent testified that the typed product was "exactly what I taped on the tape recorder." Each typed "Agent's Investigation Report" was signed by the agent as his official report and defense counsel was furnished a copy of the agents' typed, signed reports.

The two CID agents testified during the Government's case-in-chief · regarding the events and activities contained in their investigation reports. Because the Government was unable to produce the tapes, defense counsel moved under the Jencks Act, 18 U.S.C. § 3500, to strike the testimony of the agents. The military judge denied the motion to strike, finding that the tape recordings were destroyed in the normal course of business and that they were not subject to production under the Jencks Act.

The Jencks Act has long been applied to trials by courts-martial. *United States v. Walbert*, 14 U.S.C.M.A. 34, 33 C.M.R. 246 (1963). It requires the Government, upon request of the defense after a government witness has testified, to produce any prior "statement" of the witness relating to the subject matter about which the witness has testified.* The purpose of the Act is to provide the defense information with which to impeach the witness. *Palermo v. United States*, 360 U.S. 343, 79 S.Ct. 1217, 3 L.Ed.2d 1287 (1959). The Act defines "statement" as

(1) a written statement made by said witness and signed or otherwise adopted or approved by him;

(2) a stenographic, mechanical, electrical, or other recording, or a transcription thereof, which is a substantially verbatim recital of an oral statement made by said

witness and recorded contemporaneously with the making of such oral statement; or

(3) a statement, however taken or recorded, or a transcription thereof, if any, made by said witness to a grand jury.

18 U.S.C. § 3500(e).

■ Clearly, under the Act the signed, typed reports are "statements" of the agents who prepared the reports. *Clancy v. United States*, 365 U.S. 312, 81 S.Ct. 645, 5 L.Ed.2d 574 (1961). Copies of these reports were properly furnished to the defense and available for possible impeachment of the agents during cross-examination.

■ The Act also includes statements recorded on tape. *Cf. United States v. Marsh*, 21 M.J. 445 (C.M.A. 1986) (Jencks Act applies to tapes of statements made by government witnesses at Article 32, UCMJ, 10 U.S.C. § 832, hearing). Thus, if the reports had been dictated, but not transcribed, that happenstance alone would not exempt the tapes from the production requirement of the Act. *See United States v. Merlino*, 595 F.2d 1016 (5th Cir. 1979), *cert. denied*, 444 U.S. 1071, 100 S.Ct. 1014, 62 L.Ed.2d 752 (1980); *United States v. Walbert, supra*. Because the tapes were transcribed, however, the question becomes whether the Jencks Act requires the Government to produce both the typed reports and the tapes from which the typed reports were transcribed.

Appellant contends that the defense should have been provided with both, expressing concern that the agents may have tailored their reports to fit their conclusions. If this were the case, it is difficult to visualize how appellant would benefit from having both the taped and typed versions of the reports. Certainly, if the agents desired to distort or fabricate their accounts, this could easily have been accomplished when they dictated the tapes.

---

* R.C.M. 914, Manual for Courts-Martial, United States, 1984, tracks the language of the Jencks Act, but it also includes disclosure of prior statements by defense witnesses other than the accused.

Unless the secretary failed to perform his or her duties properly, the typed reports would be virtually identical to the material on the tapes. In fact, there was testimony to this effect. The tapes were obviously dictated only for the purpose of having the data transferred to a typed report. There is no indication whatsoever of substantive differences between the taped versions left with the secretary and the typewritten reports signed by the agents. It appears, therefore, that the same information was available to the defense, just in a different format.

█ We hold that the Government's failure to preserve the tape recordings, which were transcribed substantially verbatim into typewritten investigation reports, did not constitute a violation of the Jencks Act. *Cf. United States v. Ammar*, 714 F.2d 238, 259 (3d Cir.), *cert. denied*, 464 U.S. 936, 104 S.Ct. 344, 78 L.Ed.2d 311 (1983) (rough draft of agent's report, which is later typed verbatim, ordinarily not statement under Jencks Act); *United States v. Soto*, 711 F.2d 1558 (11th Cir. 1983) (handwritten draft of agent's report not statement under Jencks Act); *United States v. Bastanipour*, 697 F.2d 170, 174 (7th Cir. 1982), *cert. denied*, 460 U.S. 1091, 103 S.Ct. 1790, 76 L.Ed.2d 358 (1983) (agent's failure to retain handwritten draft of typed report did not violate Jencks Act); *United States v. Kaiser*, 660 F.2d 724, 731–32 (9th Cir. 1981), *cert. denied*, 455 U.S. 956, 102 S.Ct. 1467, 71 L.Ed.2d 674 (1982) (handwritten draft not statement under Jencks Act).

## II

WHETHER THE CONVENING AUTHORITY ERRED TO THE SUBSTANTIAL PREJUDICE OF THE APPELLANT BY TAKING ACTION ABSENT ANY INDICATION THAT THE REVIEW HAD BEEN SERVED ON THE DEFENSE.

█ The Government concedes that the mandate of *United States v. Goode*, 1 M.J. 3 (C.M.A. 1975), was not followed in that there is no proof that defense counsel was ever served with a copy of the staff judge advocate's post-trial review. Because no deficiency in the review has been specified, however, we find no prejudicial error. *United States v. Smart*, 21 M.J. 15 (C.M.A. 1985).

The decision of the United States Army Court of Military Review is affirmed.

Chief Judge EVERETT concurs.

Judge SULLIVAN did not participate.