UNITED STATES

v.

Jonathan S. ANDERSON, 546
89 4722, Corporal (E–4),
U.S. Marine Corps.

NMCM 97 01823.

U.S. Navy–Marine Corps Court
of Criminal Appeals.

Sentence Adjudged 7 May 1997.

Decided 31 Dec. 1998.

LT Frank M. Doherty, JAGC, USN, Appellate Defense Counsel.

Capt Paul D. Kovac, USMC, Appellate Government Counsel.

Before OLIVER, Chief Judge, LEO, Senior Judge and ANDERSON, Appellate Military Judge.

OLIVER, Chief Judge:

A military judge sitting as a general court-martial convicted appellant, pursuant to his pleas, of attempting to import marijuana, attempting to distribute marijuana, conspiracy to import marijuana, importation of marijuana, and use of a telephone to facilitate the commission of a felony, in violation of Articles 80, 81, 112a, and 134, Uniform Code of Military Justice, 10 U.S.C. §§ 880, 881, 912a, and 934 (1994). The approved sentence includes confinement for 20 years, forfeiture of all pay and allowances, a dishonorable discharge, and reduction to the lowest enlisted pay grade. However, in accordance with the pretrial agreement, the convening authority suspended all confinement in excess of 60 months for the period of confinement served plus 12 months thereafter.

We have reviewed the record of trial, the appellant's single assignment of error,[1] and the Government's response. Except as discussed below, we conclude that the findings and sentence are correct in law and fact and that no error materially prejudicial to the substantial rights of the appellant was committed. Art. 59(a), UCMJ.

In his single assignment of error, the appellant argues that the 77 days he spent in pretrial confinement in a "maximum custody status" was pretrial punishment in violation of Article 13, UCMJ, and the Due Process clause of the Fifth Amendment. He asks that we grant him 231 days (3-for-1 credit) against his sentence as appropriate relief for the violation.

Article 13, UCMJ, prohibits the imposition of punishment or penalty upon an accused prior to trial, as well as pretrial arrest or confinement conditions that are more rigorous than "the circumstances required to insure" the accused's presence at trial. *Id. See United States v. McCarthy*, 47 M.J. 162, 167 (1997). In support of his position, the appellant has submitted an affidavit, an accounting of the nature of his pretrial confinement, an excerpt of testimony a senior brig official gave in an unrelated court-martial, and a relevant section of the brig's standard operating procedure. Motion to Attach Documents of 10 Apr 98.

Apparently there is an unwritten policy at the Base Brig, Marine Corps Base, Camp Pendleton, that places pretrial confinees in a maximum-custody status based solely on whether the potential confinement they face is greater than 5 years. The thrust of the appellant's argument is that such a brig policy is arbitrary and capricious and constitutes illegal punishment, both in general and as applied in his case. The Government has not submitted any information to contest the existence of such a policy. Rather, it argues that, on the facts of this case, there were valid governmental interests that justified the decision to keep the appellant in maximum custody.

The issue of unlawful pretrial punishment "presents a 'mixed question of law and fact' qualifying for independent review." *Thompson v. Keohane*, 516 U.S. 99, 113, 116 S.Ct. 457, 133 L.Ed.2d 383 (1995); *see McCarthy*, 47 M.J. at 164–65. To determine if brig personnel violated Article 13, UCMJ, 10 U.S.C. § 813, in the appellant's case, we must determine whether the conditions of his pretrial confinement were intended to be punishment and whether they furthered a legitimate governmental objective. *United States v. Huffman*, 40 M.J. 225, 226–29 (C.M.A.1994)(citing *United States v. Palmiter*, 20 M.J. 90 (C.M.A.1985)).

The appellant did not raise pretrial punishment as an issue at trial (7 May 1997) or at any other time prior to the convening authority's action (7 August 1997). The appellant first complained of the conditions of his pretrial confinement in his brief and motion to attach, both filed on 10 April 1998. The appellant's failure to raise a claim of pretrial punishment at the trial level is "strong evidence that [he was] not being punished in violation of Article 13"; however, our superior court "will not invoke waiver unless there is an affirmative, fully developed waiver on the record" in pretrial punishment cases. *Huffman*, 40 M.J. at 227; *see also United States v. Youngman*, 48 M.J. 123, 129 (1998). There is no such affirmative waiver in this case.

Although the untimeliness of the appellant's claim is a factor that we must consider, we view it in the context of all of the other information available to this court. Unlike our superior Court in *Huffman*, we find insufficient evidence in this record to enable us to determine that the challenged conditions were not intended as punishment and were "reasonably related to a legitimate goal." 40 M.J. at 227 (quoting *Bell v. Wolfish*, 441 U.S. 520, 539, 99 S.Ct. 1861, 60 L.Ed.2d 447 (1979)). Based on the information available to the court, we are very concerned about what appears to be an arbitrary policy to place in maximum confinement all persons who face a period of confinement in excess of 5 years. All such persons appar-

---

1. APPELLANT WAS ILLEGALLY PUNISHED BEFORE TRIAL BY BEING ASSIGNED TO THE MAXIMUM SECURITY WING OF THE CAMP PENDLETON BRIG. (Footnote omitted.)

ently remain in maximum confinement, with all the deprivations that entails, until trial or such time as the service member enters into a pretrial agreement capping confinement at 5 years or less.

We recognize, of course, that the potential length of confinement a service member faces is a relevant factor in determining the likelihood he may attempt to flee. Moreover, the seriousness and nature of the offenses can be relevant in determining both the individual's flight risk as well as whether he represents a danger to others in the brig. We are hesitant to second-guess the decisions of brig personnel, who are required to maintain good order and discipline under difficult circumstances. Based on their extensive training and experience, we recognize that such personnel are generally much better equipped than are we to make such tough calls. Had the decision-making process considered all the relevant factors, we would intervene only under the most unusual circumstances. Here, however, the Government has made no effort to rebut the appellant's contentions that the length of potential confinement was the **only** factor brig personnel considered. Before significantly curtailing the freedom of Marines facing general courts-martial, this court and others responsible for the military justice system must ensure the integrity of the system. These decisions cannot be based on a single blanket criterion to the exclusion of all other factors.[2]

The normal procedure in cases such as this one is to remand the case for a *DuBay*[3] hearing, at which a military judge could develop a record on which to predicate the necessary factual determinations to resolve the issue. *See United States v. Ginn*, 47 M.J. 236, 248 (1997). However, based on the particular facts of this case, we find sufficient grounds to conclude that the 5–year criterion for maximum custody dispositions existed and that such an automatic policy, as applied in this case, constituted unreasonable punishment. In the interests of judicial economy and justice, we therefore will award the appellant an additional 77 days of judicially ordered credit to be applied against his approved sentence.[4]

Accordingly, we affirm the findings of guilty and sentence as approved below. We order a credit of 77 days against the appellant's sentence to confinement. This is in addition to the administrative credit the appellant has already received under *United States v. Allen*, 17 M.J. 126 (C.M.A.1984).

Senior Judge LEO and Judge ANDERSON concur.

---

**2.** Although we don't suggest that this was the intention of the policy, we are also concerned about this policy's coercive effect on pretrial confinees. It places considerable pressure on them to enter into a pretrial agreement and then plead guilty simply to get out of maximum custody.

**3.** *United States v. DuBay*, 17 C.M.A. 147, 37 C.M.R. 411 (1967).

**4.** We emphasize that our action is based upon the particular facts in this case. Defense counsel are well-advised to ferret out and present pretrial punishment issues at trial lest the "raise-or-waive" position Judge Crawford enunciated in her dissent in *Huffman*, 40 M.J. at 228, becomes

the law and the effectiveness of their representation is drawn into question.

Additionally, staff judge advocates put on notice of a post-trial allegation of pretrial punishment before the convening authority takes action, even if the allegation is not styled in those terms, should consider whether to recommend relief, or order a post-trial hearing at that point. Such a measure could avoid appellate litigation, and the possibility of having to hold a *DuBay* hearing, years later.

Finally, those involved in the administration of Navy and Marine Corps brigs should ensure that decisions whether to place pretrial confinees in a maximum-custody status are based on all relevant factors.