### UNITED STATES

v.

**Robert L. PRYOR, Lieutenant (0–3), U.S. Navy.**

**NMCM 200100475.**

U.S. Navy–Marine Corps Court of Criminal Appeals.

Sentence Adjudged 9 Aug. 2000.

Decided 14 Jan. 2003.

Maj Eric P. Gifford, USMC, Appellate Defense Counsel.

LT Lori McCurdy, Jagc, USNR, Appellate Government Counsel.

Before OLIVER, Senior Judge, VILLEMEZ, and HARRIS, Appellate Military Judges.

HARRIS, Judge:

A military judge, sitting as a general court-martial, convicted Appellant, pursuant to his pleas, of wrongful use of methamphetamine, carnal knowledge on divers occasions, sodomy with a child under the age of 16 years on divers occasions, sodomy on divers occasions, conduct unbecoming an officer and gentleman by wrongfully and dishonorably committing an indecent act onboard ship by engaging in sexual intercourse with his daughter, wrongfully committing indecent acts on divers occasions by having sexual intercourse with his daughter, and wrongfully committing indecent acts with the body of a female child under the age of 16 years, in violation of Articles 112a, 120, 125, 133, and 134, Uniform Code of Military Justice, 10 U.S.C. §§ 912a, 920, 925, 933, and 934.

On 9 August 2000, the military judge sentenced Appellant to confinement for 9 years, forfeiture of $2,000.00 pay per month for 9 years, and a dismissal from the naval service. On 8 January 2001, the convening authority (CA) approved the sentence and, pursuant to a pretrial agreement: (1) suspended all confinement in excess of 2 years for a period of 2 years from 9 August 2000; (2) suspended all adjudged forfeitures for a period of 6 months from 9 August 2000; (3) deferred automatic forfeiture of all pay and allowances pursuant to Article 58b, UCMJ, 10 U.S.C. § 858b, from 14 days following the sentence to the date of this action; and (4) waived automatic forfeiture of all pay and allowances pursuant to Article 58b, UCMJ, for a period of 6 months from the date of his action.

We have examined the record of trial, Appellant's two assignments of error, and the Government's response. We find merit in Appellant's first assignment of error and shall take corrective action in our decretal paragraph.

### Statement of Facts

Appellant entered pleas of guilty to various offenses involving sexual acts with his adopted teenage daughter. The charges alleged that Appellant committed the offenses during various dates between March 1995 and July 1998. Charges II, III (Specification 1), and V (Specifications 1 and 2), Charge Sheet. The dates alleged in the charges and specifications were not supported by the evidence at trial through either Appellant's stipulation of fact or his testimony during the providence inquiry. In both the stipulation and during responses under oath, Appellant indicated that the offenses occurred beginning in September 1997 and continuing through December 1999. Prosecution Exhibit 1; Record at 64, 66, 75, 77–78, 80.

Appellant was placed into pretrial confinement on 26 May 2000. He was located in segregated special quarters due to his grade and status as a naval officer. Appellant remained in pretrial confinement until 31 May 2000, when he was released after it was

determined that his continued confinement was unnecessary.

On 19 July 2000, Appellant was returned to pretrial confinement based upon allegations that he was attempting to influence potential witnesses in his court-martial. Once again, Appellant was returned to segregated special quarters, due solely to his grade and status as an officer. Appellant was not allowed in general population due to his grade.

### Erroneous Military Judge's Findings

In Appellant's first assignment of error, he asserts that the military judge erred by not entering findings by exceptions and substitutions, where the evidence supporting his pleas of guilty to various charges and specifications, consisting of his answers provided during the providence inquiry and a stipulation of fact, established that he did not engage in criminal conduct during the entire time alleged in the various charges and specifications.[1] Therefore, Appellant asks this court to correct the record in his case by modifying the findings to accurately reflect the offenses of which he was guilty and thereafter return the case to the CA for a new action. In the alternative, Appellant asks this court to reassess the sentence based upon the accurate findings. We agree as to the assignment of error and as to the alternative remedy.

■■■ Guilty pleas require a sufficient factual basis to be provident. *United States v. Care*, 18 C.M.A. 535, 40 C.M.R. 247, 1969 WL 6059 (1969); RULE FOR COURTS-MARTIAL 910(e), MANUAL FOR COURTS-MARTIAL, UNITED STATES (2000 ed.). Not only must Appellant subjectively believe in his guilt, objective evidence must also exist. *United States v. Davenport*, 9 M.J. 364, 367 (C.M.A.1980). If evidence of a substantial conflict exists with the plea, the military judge must explain and resolve such inconsistencies or reject the plea. Art. 45(a), UCMJ, 10 U.S.C. § 845(a); *United States v. Prater*, 32 M.J. 433, 436 (C.M.A.1991).

■■■ In every charge and specification, the time of the commission of the offense should be stated with sufficient precision to identify the actual offense and enable the accused to understand the particular act alleged. *United States v. Sell*, 3 C.M.A. 199, 11 C.M.R. 202, 1953 WL 2005 (1953). While the language "between about" in a specification allows for some variance in the proven dates, this phrase must be construed reasonably in the light of the circumstances of the particular case. *United States v. Nunn*, 5 C.M.R. 334, 339, 1952 WL 2153 (N.B.R. 1952)(" 'About' or 'approximately' allows a play within somewhat narrow limits"). *See also United States v. Brown*, 4 C.M.A. 683, 16 C.M.R. 257, 1954 WL 2450 (1954); *United States v. Squirrell*, 7 C.M.R. 22, 1953 WL 1507 (C.M.A.1953).

■■■ In Appellant's case, a stipulation of fact was entered into between Appellant and the Government. Prosecution Exhibit 1. In the stipulation, Appellant indicated that he committed the various charged offenses during a stated period of time. Appellant testified during the providence inquiry consistent with the dates indicated in the stipulation of fact. Record at 64–80. The evidence received at trial differed significantly from the dates alleged in the charge sheet in the following manner:

| Charge | Stipulation | Providence Inquiry | Charge Sheet |
|---|---|---|---|
| II (carnal knowledge) | Jan 98–Jul 98 | Jan 98–Jul 98 (sex 3 times) Record at 64 | Mar 95–Jul 98 |
| III, Specification 1 (sodomy) | Nov 97–Jul 98 | Nov 97–Jul 98 (sodomy 3 times) Record at 66 | Mar 95–Jul 98 |
| V, Specification 1 (indecent acts) | Jul 98–Mar 99 | Jan 99–Feb 99 Record at 75 | Jul 98–Dec 99 |

1. Submitted pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A.1982).

| V, Specification 2 (indecent acts) | Sep 97–28 Jul 98 Nov 97–Mar 99 | Sep 97–Mar 99 Record at 77, 78, 80 | Mar 95–Jul 98 |
|---|---|---|---|

The military judge accepted Appellant's pleas and announced his findings. He did not announce findings by exceptions and substitutions, even though the alleged dates of the crimes were not substantiated by either Appellant's responses under oath or the stipulation of fact. Record at 105.

■ The failure to enter findings by exceptions and substitutions prejudiced the Appellant in that his record of court-martial indicates a pattern of criminal conduct occurring over a greater period of time than actually took place. Appellant is entitled to findings of guilt that accurately reflect what he did. We shall take corrective action below.

### Unlawful Pretrial Punishment

In his second assignment of error, Appellant asserts for the first time on appeal that he was subjected to unlawful pretrial punishment where he was confined for 22 days under conditions more rigorous than those required to ensure his presence at trial, in violation of Article 13, UCMJ, 10 U.S.C. § 813. Wherefore, Appellant asks this court to find that the conditions of his pretrial confinement from 26 May to 31 May and 19 July to 9 August 2000 violated Article 13, UCMJ, and award 84 days of confinement credit toward his sentence in accordance with *United States v. Suzuki*, 14 M.J. 491 (C.M.A. 1983). We disagree.

■ The issue of whether a pretrial detainee suffered unlawful punishment presents a mixed question of law and fact that qualifies for independent review. Art. 13, UCMJ; *United States v. McCarthy*, 47 M.J. 162, 165 (1997). In this case, Appellant did not raise the issue of pretrial punishment at trial, but chose instead to belatedly raise it for the first time on appeal. Appellant's Brief of 8 Mar 2002 at 6–7. Even though Appellant's failure to raise the issue at trial does not preclude him from raising the issue on appeal, *United States v. Scalarone*, 54 M.J. 114 (2000), his failure to object to a military magistrate or his chain of command [or the military judge] is strong evidence that unlaw-

ful pretrial punishment did not occur. *United States v. Fricke*, 53 M.J. 149, 154 (2000).

■ Article 13, UCMJ, prohibits the imposition of punishment or penalty prior to trial. The Court of Appeals for the Armed Forces has established a framework for determining when Article 13, UCMJ, credit is triggered. In *McCarthy* the Court explained that Article 13, UCMJ, prohibits two types of activities: (1) "punishment or penalty prior to trial" and (2) "unduly rigorous circumstances during pretrial detention." *McCarthy*, 47 M.J. at 165. The "punishment prong" focuses on intent, whereas the "rigorous circumstances" focuses on conditions. *Id.* Appellant, however, must first meet his burden of presenting evidence in support of his claim of unlawful pretrial punishment. *United States v. Cordova*, 42 C.M.R. 466, 468, 1970 WL 7132 (A.C.M.R.1970). In the case at bar, Appellant has not done so.

Appellant claims that his assignment to "special quarters" in the Miramar Brig constituted unlawful pretrial punishment. Appellant's Brief of 28 Mar 2002 at 7. Appellant makes no claim that his assignment to special quarters by brig authorities was done with a punitive intent. "The burden is on Appellant to establish entitlement to additional sentence credit because of a violation of Article 13[,] [UCMJ]." *United States v. Mosby*, 56 M.J. 309, 310 (2002).

■ Appellant complains that his pretrial confinement in special quarters amounted to punishment in violation of Article 13, UCMJ, and therefore entitles him to 84 days of confinement credit in accordance with *Suzuki*. Appellant's Brief of 28 Mar 2002 at 7. Appellant relies on the Supreme Court's decision in *Bell v. Wolfish*, 441 U.S. 520, 99 S.Ct. 1861, 60 L.Ed.2d 447 (1979). Appellant's Brief of 28 Mar 2002 at 6. However, in *Bell*, the Court held that absent a showing of an **expressed intent** to punish, a particular condition reasonably related to a legitimate and non-punitive governmental objective, does not, without more, amount to punishment. *Bell*, 441 U.S. at 538–39, 99 S.Ct.

826

1861. Appellant's placement in special quarters was rationally based.

■ Appellant's complaint of unlawful pretrial punishment stems principally from the fact that his room was windowless and confining, he was not allowed to sit, sleep, or lie down on his bed during the hours of 0600 to 2200 each day, and he was allowed out of his cell for only one hour each day. Appellant's Brief of 28 Mar 2002 at 7; Appellant's Declaration at 2. Appellant also complains that, because of his status as an officer, he was segregated from other confinees. None of these conditions rise to the level of punishment. *Bell*, 441 U.S. at 538–39, 99 S.Ct. 1861; *McCarthy*, 47 M.J. at 167. Finally, underlying Appellant's complaint was the decision to place him in special quarters in the first place. Appellant's Brief at 7.

■ The nature and seriousness of the offenses and the potential length of confinement resulting therefrom are relevant factors that brig officials may consider in determining whether to place a detainee in special quarters. *United States v. Anderson*, 49 M.J. 575, 577 (N.M.Ct.Crim.App.1998). Our superior Court has held that the placement of a detainee in solitary confinement simply because of the seriousness of his offense did not violate Article 13, UCMJ, in the absence of any evidence showing an intent to punish. *Mosby*, 56 M.J. at 310–11. In the same vein, it found in another case that the terms of an appellant's confinement in maximum custody at a Marine brig were not so egregious as to be "more onerous than necessary." *McCarthy*, 47 M.J. at 168. Finally, Appellant's failure to complain about the conditions of his pretrial confinement until now is "strong evidence" that Article 13, UCMJ, was not violated. *United States v. Huffman*, 40 M.J. 225, 227 (C.M.A.1994).

■ The decision to place Appellant in special quarters was not arbitrary. *Cf. Anderson*, 49 M.J. at 576 (finding that policy to place every accused in special quarters if sentence exposure was beyond 5 years was arbitrary). The decision was based on his status as an officer and the need to separate

him from enlisted prisoners to comply with Secretary of the Navy Instruction 1640.9B of 2 Dec 1996.[2] Because detention facility regulations require officer and enlisted personnel to be berthed separately, the decision to place Appellant in special quarters was rationally based, and therefore, the results of that decision were clearly reasonable.

■ Current detention facility regulations only require that "[m]inimum inside dimensions and construction will conform to MIL–HDBK 1037/4 (NOTAL) for *new construction, renovation, or alteration.* Existing cells will be at least 6 feet wide, 8 feet long and 8 feet high." SECNAVINST 1640.9B, Article 12102.4 (emphasis added). Appellant states that his cell was "confining," but if it complies with Secretarial instructions it is hardly arbitrary to put him there, and does not qualify as illegal punishment. Further, Appellant does not assert that his cell inside dimensions and construction did not conform to MIL–HDBK 1037/4 (NOTAL) for new construction, renovation, or alteration. Therefore, this Court will not question decisions peculiarly within "the province and professional expertise of corrections officials." *Pell v. Procunier*, 417 U.S. 817, 827, 94 S.Ct. 2800, 41 L.Ed.2d 495 (1974).

■ Prison officials should be "accorded wide-ranging deference in the adoption and execution of policies and practices that in their judgment are needed to preserve internal order and discipline." *Bell*, 441 U.S. at 547, 99 S.Ct. 1861. Appellant has failed to meet his burden by presenting any evidence to justify a claim of illegal pretrial punishment. Appellant's declaration espouses nothing more that his opinion that "the cell where [he] was kept was about 4ft X 8ft." Appellant's Declaration of 25 March 2002 at 2. For these reasons, we decline to grant relief.

**Conclusion**

Accordingly, we: (1) except the language "15 March 1995" from the Specification of Charge II, and substitute the following language "January 1998"; (2) except the lan-

2. SECNAVINST 1640.9B, Article 7103.2b(2)(a) provides, "Officers will be berthed separately

from enlisted personnel until an approved sentence to dismissal has been executed...."

guage "15 March 1995" from Specification 1 of Charge III, and substitute the following language "November 1997"; (3) except the language "29 July 1998 and about 31 December 1999" and "divers" from Specification 1 of Charge V, and substitute the following language "January 1999 and about February 1999" and "two", respectively; and (4) except the language "15 March 1995 and 28 July 1998" from Specification 2 of Charge V, and substitute the following language "September 1997 and March 1999." The excepted language is set aside and dismissed. The findings as excepted and substituted are affirmed. Further, we reassess the sentence in accordance with the principles discussed in *United States v. Cook*, 48 M.J. 434, 438 (1998). Having reassessed the sentence, we affirm the sentence as originally adjudged. A supplemental promulgating order shall be issued consistent with this decision.

Senior Judge OLIVER and Judge VILLEMEZ concur.