# UNITED STATES NAVY-MARINE CORPS
## COURT OF CRIMINAL APPEALS
## WASHINGTON, D.C.

Before
J.R. MCFARLANE, M.C. HOLIFIELD, K.J. BRUBAKER
Appellate Military Judges

UNITED STATES OF AMERICA

v.

CHRISTOPHER J. SCHALEGER
ELECTRONICS TECHNICIAN SECOND CLASS (E-5),

NMCCA 201300247
GENERAL COURT-MARTIAL

**Sentence Adjudged:** 16 December 2013.
**Military Judge:** CDR Lewis T. Booker, Jr., JAGC, USN.
**Convening Authority:** Commander, Navy Region Northwest, Silverdale, WA.
**Staff Judge Advocate's Recommendation:** LCDR D.E. Reike, JAGC, USN.
**For Appellant:** LT Jennifer L. Myers, JAGC, USN.
**For Appellee:** LT Ian D. MacLean, JAGC, USN.

**19 February 2015**

---------------------------------------------------
OPINION OF THE COURT
---------------------------------------------------

**THIS OPINION DOES NOT SERVE AS BINDING PRECEDENT, BUT MAY BE CITED AS PERSUASIVE AUTHORITY UNDER NMCCA RULE OF PRACTICE AND PROCEDURE 18.2.**

PER CURIAM:

A military judge, sitting as a general court-martial, convicted the appellant, pursuant to his pleas, of one specification of sexual assault, in violation of Article 120, Uniform Code of Military Justice, 10 U.S.C. § 920. The military judge sentenced the appellant to reduction to pay grade E-1, three years of confinement, and a bad-conduct discharge. Pursuant to a pretrial agreement, the convening authority (CA)

approved the sentence as adjudged, but suspended all confinement in excess of 13 months.

The appellant raises one assignment of error: that the Navy-Marine Corps Court of Criminal Appeals unlawfully punished the appellant by publishing his name and the facts of his case as the result of an interlocutory appeal in such a manner that presumed his guilt and constituted unlawful pretrial punishment.[1]

After careful consideration of the record of trial, the parties' pleadings, and the appellant's assignment of error, we conclude that this court's action did not violate the appellant's presumption of innocence or constitute unlawful punishment, and that no error materially prejudicial to the substantial rights of the appellant was committed. Arts. 59(a) and 66(c), UCMJ.

## Background

In December 2012, the appellant had dinner and alcoholic beverages with a woman married to a fellow active duty Navy member. After consuming several drinks, the woman chose to stay the night at the appellant's residence and fell asleep in his bed. While she was asleep, the appellant inserted his penis into the woman's vagina.

The appellant was charged with violating Article 120, UCMJ, as amended by the National Defense Authorization Act for Fiscal Year 2012, which applied to offenses committed on or after 28 June 2012. The amendments to Article 120 did not specify maximum punishments for the offenses, but authorized punishment "as a court-martial may direct." Arts. 120(b)(2) and 120(b)(3)(A), UCMJ. Therefore, at the time the appellant was charged with sexual assault, there was no specific maximum punishment set by the President for that crime. That situation changed on 15 May 2013, when the President amended Paragraph 45 of Part IV of the MANUAL FOR COURTS-MARTIAL, UNITED STATES (2012 ed.), establishing the maximum punishment authorized for sexual assault as including a dishonorable discharge and confinement for 30 years. Executive Order 13643 of 15 May 2013. Upon publication of the executive order, the Government filed a motion *in limine* to determine the maximum authorized punishment for the appellant's alleged offense. The military judge ruled the maximum punishment for a violation of Article 120 was that

---

[1] This issue is raised pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A. 1992).

2

available at a summary court-martial. Since the ruling could not be appealed under Article 62, UCMJ, the Government appealed the decision to this court seeking a writ of *mandamus*. Appellate Exhibit V. We granted the writ in a published opinion finding the authorized maximum punishments included confinement for thirty years and a dishonorable discharge. *United States v. Booker*, 72 M.J. 787 (N.M.Ct.Crim.App. 2013). The opinion referenced the appellant's name and rank, and has been posted on the court's website since 20 September 2013. Three months after the opinion's publication, the appellant pled guilty to one specification of sexual assault in violation of Article 120, UCMJ.

The appellant argues that online publication of our interlocutory opinion breached his expectation of privacy, damaged his reputation, impeded his presumption of innocence, and constituted unlawful pretrial punishment. Because the appellant focuses on the impact of this court's actions on his court-martial trial and does not allege any post-trial damages, we limit our examination to pretrial and trial proceedings.

## Presumption of Innocence

"'The principle that there is a presumption of innocence in favor of the accused is the undoubted law . . . .'" *Taylor v. Kentucky*, 436 U.S. 478, 483 (1978) (quoting *Coffin v. United States*, 156 U.S. 432, 453 (1895)). However, "[o]nce a defendant has been afforded a fair trial and convicted of the offense for which he was charged, the presumption of innocence disappears." *Herrera v. Collins*, 506 U.S. 390, 399 (1993) (citation omitted). A guilty plea has the same effect as a conviction on the merits, for in pleading guilty to a charged offense, an appellant admits guilt to that offense and relinquishes the right to force the Government to prove his guilt beyond a reasonable doubt. Our military justice system has instituted "certain safeguards to insure the providence of the plea, including a delineation of the elements of the offense charged and an admission of factual guilt on the record." *United States v. Care*, 40 C.M.R. 247, 250 (C.M.A. 1969). So long as a plea is voluntary and provident, to include notice to the appellant that entering a guilty plea relinquishes the right to presumption of innocence, an appellant has no standing to appeal a violation of that presumption. *See Iowa v. Tovar*, 541 U.S. 77, 83 (2004).

The appellant pled guilty to the sole specification of sexual assault following this court's interlocutory opinion.

3

The appellant raises no evidence to prove, and the record of trial contains no evidence to support, the notion that the plea was involuntary or improvident. Further, the interlocutory opinion utilizes unassuming words such as "allegations" and "alleged offense," refers to the appellant as "Petty Officer" or "the Real Party," and its primary focus is on statutory interpretation and history, with very minimal discussion of the facts of the appellant's case.

The appellant failed to prove any sort of violation against his presumption of innocence. There is no evidence that as a result of this court's opinion, the appellant was compelled to admit guilt, that this court's opinion presumed the appellant's guilt to the charged offense, or that the military judge presumed the appellant's guilt as a result of reading this court's previous opinion. In pleading guilty to the offense, the appellant admitted his guilt and forfeited the presumption of his innocence. We find no reason to question the providence of the appellant's guilty plea, and therefore find no merit in the appellant's claim that his presumption of innocence was violated.

### Unlawful Pretrial Punishment

Unlawful pretrial punishment is a mixed question of law and fact that this court reviews *de novo*. *Thompson v. Keohane*, 516 U.S. 99, 113 (1995); *United States v. McCarthy*, 47 M.J. 162, 164-65 (C.A.A.F. 1997). Article 13, UCMJ, prohibits: (1) the intentional imposition of punishment on an appellant before his or her guilt is established at trial, and (2) arrest or pretrial confinement conditions that are more rigorous than necessary to ensure the accused's presence at trial. *See United States v. Inong*, 58 M.J. 460, 463 (C.A.A.F. 2003). The "punishment" prong of Article 13, UCMJ, focuses on intent. *United States v. Pryor,* 57 M.J. 821, 825 (N.M.Ct.Crim.App. 2003) (citing *United States v. McCarthy*, 47 M.J. 162, 165 (C.A.A.F. 1997)). "[A]bsent a showing of an expressed intent to punish, a particular condition reasonably related to a legitimate and non-punitive governmental objective, does not, without more, amount to punishment." *Id.* (citing *Bell v. Wolfish,* 441 U.S. 520, 538-39 (1979)). Whether there existed some purpose or intent to punish is a question of fact we review for an abuse of discretion. *McCarthy*, 47 M.J. at 165. The ultimate question of whether the appellant is entitled to sentence credit for an Article 13, UCMJ, violation is reviewed *de novo*. *United States v. Mosby*, 56 M.J. 309, 310 (C.A.A.F. 2002).

The appellant's claim of unlawful pretrial punishment is vague in its discussion of what actions or effects constituted punishment, leaving this court to assume that the appellant's assertions of an expectation of privacy violation and reputation damage are what constituted unlawful pretrial punishment. For the reasons discussed below, we find no merit in the appellant's argument.

We first examine whether there was some purpose or intent to punish the appellant. The Government had the ability to seek a writ of *mandamus* from this court in order to appeal the trial judge's determination of the authorized maximum punishment. Utilizing its authority under the All Writs Act, 28 U.S.C. § 1651(a), this court reviewed the interlocutory appeal and made a ruling based on the law. As discussed above, this court's opinion used neutral language making no assumption as to the appellant's guilt to the charged offense, it limited discussion of the facts to only those necessary, and the court focused almost entirely on statutory history and interpretation in reaching its decision. The appellant failed to raise any evidence of prosecutorial intent to punish or penalize him in appealing the military judge's decision, and our review of the record of trial reveals no such intent. Additionally, we find no evidence that this court had the intent to punish or penalize the appellant.

We also find that the appellant failed to meet his burden to show that he had a reasonable expectation of privacy, that such an expectation was violated by this court's opinion, or that this court's opinion unfairly damaged his reputation. Absent extenuating circumstances, our courts-martial are open to the public. *E.g. ABC, Inc. v. Powell*, 47 M.J. 363, 365 (C.A.A.F. 1997). RULE FOR COURTS-MARTIAL 806(a), MANUAL FOR COURTS-MARTIAL, UNITED STATES (2012 ed.). Trial proceedings involve discussion of facts on the merits, which inevitably leads to eliciting details about an accused's life. To avoid that reality would make the criminal justice system unworkable.

The facts of this case fail to illustrate any grounds for relief or credit due to unlawful pretrial punishment. Accordingly, the appellant's assignment of error is without merit.

## Conclusion

We affirm the findings and the sentence as approved by the CA.

For the Court



R.H. TROIDL
Clerk of Court