# UNITED STATES COAST GUARD COURT OF CRIMINAL APPEALS

## UNITED STATES

v.

## Mario TAMAYO
### Intelligence Specialist Second Class (E-5), U.S. Coast Guard

### CGCMS 24932
### Docket No. 1425

### 5 December 2016

Special Court-Martial convened by Commander, Coast Guard Seventh District Coast Guard District. Tried at Miami, Florida, on 14 January 2015.

| | |
|---|---|
| Military Judge: | LCDR Benedict S. Gullo, USCG |
| Trial Counsel: | LT Jeremy T. McCall, USCGR |
| Assistant Trial Counsel | LT Brendan Sullivan, USCGR |
| Detailed Defense Counsel: | LCDR Nathaniel R. Gross, JAGC, USN |
| Appellate Defense Counsel: | LT Philip A. Jones, USCGR |
| Appellate Government Counsel: | LT Lars T. Okmark, USCGR |

### BEFORE
### McCLELLAND, CLEMENS & JUDGE
Appellate Military Judges

JUDGE, Judge:

Appellant was tried by special court-martial, military judge alone. Pursuant to his pleas of guilty, entered in accordance with a pretrial agreement, Appellant was convicted of one specification of dereliction of duty, in violation of Article 92, Uniform Code of Military Justice (UCMJ); and two specifications of false official statement, in violation of Article 107, UCMJ. The military judge sentenced Appellant to confinement for ninety days, reduction to E-1, and a bad-conduct discharge. The Convening Authority approved the sentence. The pretrial agreement did not affect the sentence.

Before this court, Appellant has assigned the following errors:

I. Appellant was convicted of two specifications of making a false official statement, both being made during the same interview, which is an unreasonable multiplication of charges.

II. Appellant raised errors in his response to the SJAR, yet the SJA did not address them, which constituted error.

As discussed below, we find merit in neither argument. We affirm.

**Unreasonable multiplication of charges**

Appellant argues that his two false official statement convictions represent an unreasonable multiplication of charges that exaggerates his criminality because the two statements were made to the same Coast Guard Investigative Service (CGIS) agent in a single interview. The Government asserts that he waived this issue at trial because he should have been aware of the issue when the military judge announced the merger for sentencing yet he failed to request relief for unreasonable multiplication of the charges. On that basis alone, we cannot say that Appellant "affirmatively, knowingly, and voluntarily" relinquished the issue at trial. *United States v. Quiroz*, 55 M.J. 334, 338 (C.A.A.F. 2001). We therefore review this issue by applying the five *Quiroz* factors:

> (1) "Did the accused object at trial that there was an unreasonable multiplication of charges and/or specifications?";
> (2) "Is each charge and specification aimed at distinctly separate criminal acts?";
> (3) "Does the number of charges and specifications misrepresent or exaggerate the appellant's criminality?";
> (4) "Does the number of charges and specifications unreasonably increase the appellant's punitive exposure?"; and
> (5) "Is there any evidence of prosecutorial overreaching or abuse in the drafting of the charges?"

*Id.* at 338-39. Appellant did not object at trial and the maximum punishment for a false official statement exceeds the jurisdiction of a special court-martial so factors one and four clearly weigh against Appellant. As for the second factor, each false statement to CGIS was a separate criminal act so this factor also weighs against Appellant.

As for the third and fifth factors, the two specifications do not exaggerate Appellant's criminality and there is no evidence of prosecutorial overreach. Appellant argues to the contrary by stating that the statements were given to one agent over the course of a single interview to cover his misconduct. Appellant's initial false statement was denying that he called his father which was easily proved false by phone records. When confronted with those records, he then made his second false statement by lying about what he said to his father—to "stay away from Carlos, he's a bad guy." (R. at 85-87.) Appellant was derelict in his duties by failing to maintain operational security and he tried to cover this up with two separate, mutually exclusive lies. To

charge these two statements separately did not exaggerate his criminality and a prosecutor could reasonably charge them separately for contingencies of proof.

All the *Quiroz* factors weigh against Appellant. We find that this was not an unreasonable multiplication of the charges.

### Adequacy of SJA's recommendation

Appellant complains that the Staff Judge Advocate (SJA), in advising the Convening Authority, failed to address the allegations of legal error presented by the defense. R.C.M. 1106(d)(4) requires the SJA to "state whether, in the staff judge advocate's opinion, corrective action on the findings or sentence should be taken when an allegation of legal error is raised in matters submitted under R.C.M. 1105".

The SJA's Recommendation (SJAR) under R.C.M. 1106, dated 23 April 2015, included as Enclosure (5) the defense's Request for Clemency dated 2 February 2015, submitted under R.C.M. 1105, and the Convening Authority's memorandum 5811 of 10 February 2015 as Enclosure (6). The defense submitted additional matters for consideration on 03 May 2015 when he requested clemency and also alleged a legal error based on the convening authority's earlier denial of the same requested clemency. Specifically, the defense alleged that the convening authority "denied a relief that the defense never requested - disapproval of automatic forfeitures and confinement in excess of 60 days." There is no addendum to the SJAR.[1]

The defense also alleged that there was a factual error regarding the reason for the clemency request in that the SJAR stated the "request was based strictly on familial considerations, and did not raise any legal issues or errors;" however, the defense also pointed to the lower sentences of others involved in the illegal immigration conspiracy. The SJAR did not misstate the justification for the original clemency request. The two page request contained just a single sentence about disparate sentencing as support for the purpose of reducing the sentence — so he could assist his wife during her pregnancy. This brief mention of disparate sentencing also pointed to Appellant's father as being one of those disparate sentences. The SJAR's

---

[1] The SJAR did advise the Convening Authority that Appellant might submit a clemency request, and that the Convening Authority was required to read and consider Appellant's clemency requests.

description of the justification for the clemency request would not have misled the convening authority. We know this because the convening authority initialed the request and discussed it in detail in his second denial letter.

In his second denial letter, the convening authority noted that the earlier denial "was inartfully worded, and disapproved a relief not requested, as opposed to disapproving your client's request." As Appellant acknowledges, the convening authority correctly stated the clemency sought in both requests in his denial letter dated 15 May 2015. The convening authority clearly understood the nature of the relief requested when he denied the second request. Any error regarding the nature of the specific clemency sought in the first request was a factual error, not a legal error, and any such error was cured when the convening authority acted on the second clemency request. The Appellant therefore suffered no prejudicial error so there is no prejudicial error in the failure of the SJA to respond. *See United States v. Welker*, 44 M.J. 85, 89 (C.A.A.F. 1996) (citing *United States v. Pena*, 22 M.J. 281 (C.M.A. 1986)).

## Decision

We have reviewed the record in accordance with Article 66, UCMJ. Upon such review, the findings and sentence are determined to be correct in law and fact and, on the basis of the entire record, should be approved. Accordingly, the findings of guilty and the sentence, as approved below, are affirmed.

Chief Judge McCLELLAND and Judge CLEMENS concur.



For the Court,

Shelia R. O'Reilly
Clerk of the Court