*This opinion is subject to administrative correction before final disposition.*

# United States Navy–Marine Corps
# Court of Criminal Appeals

Before
GASTON, STEWART, and GERRITY
Appellate Military Judges

_____

**UNITED STATES**
Appellee

**v.**

**Deshaun J. ALLEN**
Airman Recruit (E-1), U.S. Navy
Appellant

**No. 201900180**

Decided: 10 July 2020

Appeal from the United States Navy-Marine Corps Trial Judiciary

Military Judges:
Ann K. Minami (arraignment)
Warren A. Record (trial)

Sentence adjudged 28 February 2019 by a special court-martial convened at Naval Base Kitsap, Bremerton, Washington, consisting of a military judge sitting alone. Sentence approved by the convening authority: confinement for 149 days and a bad-conduct discharge.

For Appellant:
*Lieutenant Commander Erin L. Alexander, JAGC, USN*

For Appellee:
*Brian K. Keller, Esq.*

Judge GERRITY delivered the opinion of the Court, in which Senior Judge GASTON and Judge STEWART joined.

_____

**This opinion does not serve as binding precedent, but
may be cited as persuasive authority under NMCCA
Rule of Appellate Procedure 30.2.**

_____

GERRITY, Judge:

"We have written often to urge convening authorities and their staff judge advocates [SJAs] to pay scrupulous attention to detail throughout the post-trial process. This case compels us to reiterate that urging yet again."[1] Unfortunately, this is not a new problem in the military justice system. Citing 35 cases with erroneous Staff Judge Advocate Recommendations [SJARs] in a 15-month period, our sister court stated in *United States v. Lindsey*, almost 20 years ago:

> This case presents the court with yet another incident in which an SJA has failed to provide complete and accurate information to the convening authority, as required by RCM 1106. The regularity of these post-trial processing errors is alarming and occurs in many jurisdictions. Most SJAR errors are the direct result of sloppiness and a lack of attention to detail. . . . Likewise, diligent trial defense counsel should identify and correct such errors whenever possible. These errors reflect poorly on our

---

[1] *United States v. Allison*, No. 201800251, 2020 CCA LEXIS 111, at *3-4 (N-M Ct. Crim. App. Apr. 8, 2020) (unpub. op.) (also reminding practitioners that "[a]ppellate courts are not in the business of drafting post-trial documents for convening authorities."); *see also United States v. Stromer*, No. 201800320, 2020 CCA LEXIS 183, at *2 (N-M. Ct. Crim. App. May 29, 2020) (unpub. op.) ("Once again this Court is forced to address repeated errors in post-trial processing, due to a lack of attention, care, and accountability, and a failure to read and follow post-trial processing rules and court orders."); *United States v. Stromer*, No. 201800320, 2019 CCA LEXIS 134, at *5-6 (N-M. Ct. Crim. App. Mar. 26, 2019) (unpub. op.) (discussing "yet another striking example of excessive reliance on templates, a lack of appreciation of the importance of post-trial process in the military justice system, and a failure to pay attention to detail"); *United States v. Gary*, No. 201800353, 2020 CCA LEXIS 172, *7-8 (N-M. Ct. Crim. App. May 27, 2020) (unpub. op.); *United States v. Franco*, No. 202000042, 2020 CCA LEXIS 176, *4 (N-M. Ct. Crim. App. May 27, 2020) (unpub. op.) ("We caution staff judge advocates and convening authorities that this error is one that was easily avoidable. Just follow the rules, review the request and, if applicable, articulate the basis for denial.").

military justice system and on those individuals who imple-
ment that system. They should not occur!

56 M.J. 850, 851 (A. Ct. Crim. App. 2002).

## I. BACKGROUND

In September 2018, Appellant: 1) came off restriction from non-judicial punishment; 2) pleaded guilty in Bremerton Municipal Court of theft of under $750 from a marijuana dispensary and assault in connection with the theft, both incidents occurring on 9 July 2018; 3) conspired with other Sailors to use cocaine aboard USS NIMITZ (CVN 68) [NIMITZ]; and 4) used and distributed cocaine aboard NIMITZ. In October 2018, he then used marijuana.

Pursuant to a pretrial agreement with the convening authority, Appellant pleaded guilty by various methods including by exceptions, and by exceptions and substitutions. For Specification 3 of Charge II, which charged introduction *and* distribution of cocaine, Appellant pleaded guilty by excepting the words "introduction and" and therefore, in accordance with the pretrial agreement, pleaded guilty only to distribution. The military judge, however, announced the finding to that specification as "Guilty," and did not address the excepted language. Defense counsel did not object and specifically stated the belief that the findings announcement was correct.

Appellant never raised this issue at trial, during post-trial processing, or on appeal. Appellant did submit a timely clemency request asserting other legal errors after receiving the SJAR but did not raise the issue of the erroneous finding by the military judge. The two allegations of legal error raised in Appellant's Rule for Courts-Martial [R.C.M.] 1105 submission were: 1) that the military judge had been the judge on his co-conspirator's cases and improperly used the evidence from those cases to sentence Appellant; and 2) that the sentence was disproportionate to the actual harm caused by Appellant's misconduct. The relief requested was for the convening authority to make a recommendation to this Court that the adjudged bad-conduct discharge [BCD] be set aside.

Notwithstanding the errors asserted in Appellant's R.C.M. 1105 submission, the SJA neither identified nor addressed these legal errors in his recommendation to the convening authority. As for the findings, the SJAR referred to the Report of Results of Trial, which correctly stated the plea of guilty by exceptions but erroneously stated the military judge's finding for Specification 3 of Charge II as guilty by exceptions, contrary to how the military announced the finding at trial.

The convening authority reviewed the matters submitted by Appellant and approved the adjudged sentence without granting any relief. The Court-Martial Order correctly included the actual pleas of Appellant, and it further included the military judge's finding of guilty for Specification 3 of Charge II (without addressing the exception of the words "introduce and" in accordance with Appellant's plea).

The case was submitted without assignment of error.

## II. DISCUSSION

Before a convening authority acts on the results of trial, an accused has the opportunity to "submit to the convening authority any matters that may reasonably tend to affect the convening authority's decision whether to disapprove any findings of guilty or to approve the sentence."[2]

Appellant requested the convening authority recommend to this Court that the BCD be disapproved. Appellant also asserted two legal errors. In *United States v. Wheelus*, our superior court stated that because "clemency is a highly discretionary Executive function, there is material prejudice to the substantial rights of an appellant if there is an error [in the convening authority's post-trial review] and the appellant 'makes some colorable showing of possible prejudice.'"[3]

### A. Post-Trial Legal Review

Under R.C.M 1106(d)(4), the SJA "is not required to examine the record for legal errors" in a first review of the record to complete the SJAR. However:

> when the recommendation is prepared by a staff judge advocate, the staff judge advocate *shall state* whether, in the staff judge advocate's opinion, corrective action on the findings or sentence should be taken *when an allegation of legal error is raised in matters submitted under R.C.M. 1105* or when otherwise deemed appropriate by the staff judge advocate. The response may consist of a statement of agreement or disagreement with the matter raised by the accused. An analysis or ra-

---

[2] R.C.M. 1105(b)(1); *see also* Art. 60(b)(1), UCMJ, 10 U.S.C. § 860(b)(1) (2016).

[3] 49 M.J. 283, 289 (C.A.A.F. 1998) (citing *United States v. Chatman*, 46 M.J. 321, 323-24 (C.A.A.F. 1997)).

tionale for the staff judge advocate's statement, if any, concerning legal errors is not required.

R.C.M. 1106(d)(4) (emphasis added).

As the convening authority is not a lawyer and needs the advice of counsel to make an intelligent decision concerning the legal errors raised, the SJA must provide a response, even one that is not detailed, to any allegation of error.[4] In *United States v. Welker*, although the SJA erred by not addressing legal errors raised in the appellant's post-trial submission, our superior court determined that the underlying errors raised must be examined themselves to determine if the SJA's error resulted in a violation of the appellant's substantial rights.[5] If there is no merit to the underlying errors raised, there will not be prejudicial error in the SJA's failure to address them.[6]

Trial defense counsel raised two allegations of legal error in Appellant's R.C.M. 1105 submissions. First, the military judge improperly used evidence in other cases to determine the sentence; and second, the sentence was disproportionate to the harm Appellant caused and did not recognize Appellant's acceptance of responsibility. We address each allegation of error in turn, find them to be without merit, and therefore find no prejudice in the SJA's erroneous failure to address them in the SJAR.

*1. Co-Conspirator Cases*

At the beginning of the court-martial, the military judge sua sponte invited Appellant to question him about his involvement as the military judge in Appellant's co-conspirators' cases. Appellant did so and did not challenge the military judge. The military judge stated that he would compartmentalize each case and would only use the evidence admitted before him for Appellant's case. During his providence inquiry, the military judge mistakenly called Appellant by one of his co-conspirator's names three times. The military judge apologized to the Appellant for using the wrong name and again reiterated he would only consider the evidence before him for Appellant's case. Again, Appellant raised no challenge to the military judge. Appellant has raised no evidence or basis in his assertion of legal error that the military judge considered improper evidence in sentencing Appellant.

---

[4] *United States v Welker*, 44 M.J. 85, 88 (C.A.A.F. 1996)

[5] *Id.* (citing Art. 59(a), UCMJ, 10 USC § 859(a)).

[6] *Welker*, 44 M.J. at 88-89 (citing *United States v. Pena*, 22 M.J. 281 (C.M.A. 1986), *cert. denied*, 479 U.S. 1030 (1987)).

The military judge sentenced Appellant only to time served (149 days)—less than half the maximum period of confinement at a special court-martial, and a month less than the six-month confinement limitation contained in Appellant's pretrial agreement—and a bad-conduct discharge. We find the assertion that the military judge improperly considered evidence during Appellant's sentence to be without merit. Therefore, Appellant suffered no prejudice from the SJA's omission of this claim in his SJAR.

*2. Disproportionate Sentence*

Appellant's second claim of legal error is that the military judge sentenced him disproportionately to the harm caused by Appellant's conduct, and the sentence fails to acknowledge that Appellant took responsibility for his actions. Appellant was convicted at a special court-martial and agreed in the pretrial agreement that his sentence to confinement would be capped at six months. All other punishments could be approved as adjudged. The military judge sentenced Appellant to a term of confinement less than the maximum under the pretrial agreement, and a bad-conduct discharge but did not award any forfeitures or other lawful punishment.

The crimes Appellant pled guilty to would have carried a maximum punishment of 27 years' confinement, a dishonorable discharge, and total forfeitures, had Appellant's case been tried by a general court-martial. Appellant also committed drug related offenses aboard a nuclear aircraft carrier, and during the same month: 1) his restriction from non-judicial punishment ended; and 2) he was convicted in civilian court for theft and assault. The next month he used marijuana.

The SJA addressed the companion cases in the SJAR, and the convening authority considered those companion cases in approving the sentence for Appellant. Those three cases' sentences were adjudged as: 1) confinement for 10 months, a bad-conduct discharge, and reduction to E-1; 2) confinement for six months and a bad-conduct discharge; and 3) confinement for 85 days and a bad-conduct discharge. Appellant's adjudged sentence was the second lowest of the companion cases, was lower than the maximum amount of confinement under his pretrial agreement, and Appellant had a recent civilian conviction and non-judicial punishment. Appellant accepted responsibility and the military judge sentenced him to less than the maximum agreed to by the Appellant and convening authority under the pretrial agreement.

The Court has independently reviewed the sentence and finds it appropriate.[7] Appellant's assertion of a disproportionate sentence is without merit. Therefore, Appellant suffered no prejudice from the SJA's failure to address this legal error in the SJAR.

## B. Incorrect Finding

Although Appellant properly pled by exceptions to Specification 3 of Charge II, the military judge did not properly announce the finding for that Specification. The military judge announced the finding only as "Guilty," and did not address the excepted language. However, the impact of the erroneous announcement in the findings did not change the maximum punishment, which was the jurisdictional limit of the court.

This issue should have been corrected with a post-trial session but was apparently never noticed by anyone involved in the case. Multiple judge advocates throughout the process all failed to pay attention with the level of detail that our military justice system deserves. Although we find no material prejudice to the Appellant's substantial rights from this error, Appellant is entitled to have court-martial records and findings of guilt correctly reflect the content of his proceeding.[8] We take corrective action below.

## III. Conclusion

In accordance with Appellant's pleas, we except the language "introduce and" from the finding of Guilty as to Specification 3 of Charge II. The excepted language is set aside and dismissed. The finding of Guilty as excepted for Specification 3 of Charge II is affirmed. The supplemental Court-Martial Order will accurately reflect this finding.

The approved findings, as modified, and sentence are correct in law and fact and no error materially prejudicial to Appellant's substantial rights occurred. Arts. 59, 66, UCMJ. The findings and sentence are **AFFIRMED**.

Senior Judge GASTON and Judge STEWART concur.

---

[7] Art 66(c) UCMJ, 10 U.S.C. § 866(c) (2016); *see United States v. Baier*, 60 M.J. 382, 384-85 (C.A.A.F. 2005).

[8] *United States v. Crumpley*, 49 M.J. 538, 539 (N-M. Ct. Crim. App. 1998); *United States v. Pryor*, 57 M.J. 821, 825 (N-M Ct. Crim App 2003).

FOR THE COURT:

RODGER A. DREW, JR.
Clerk of Court